SHIRLEY
v.
SHIRLEY *v.* HAGAR.                                         HAGAR.

A *capias ad respondendum*, issued in vacation, must be returnable to the first       3b 225
day of the next term of the Court: if a term intervene between the date and      133    12
return, the writ is void.

A cause being called on the first day of the term, the parties agreed that they had
appointed the next day for trial; and, on the plaintiff's motion, the defendant
was ruled to plead on the next day, he reserving the right to plead in abate-
ment. *Held*, that these circumstances did not preclude the defendant from
afterwards moving, on the day the rule was granted, to quash the writ.

A declaration stating that the plaintiff sues by *prochein amy*, without showing
the plaintiff's infancy, and the *prochein amy's* admission, is bad on general
demurrer.

ERROR to the *Hancock* Circuit Court. In this action, *Mary*      Thursday,
*Ann Hagar*, by *John Hagar* her father and next friend, was the     May 30.
plaintiff below, and *Ambrose Shirley*, the defendant. Verdict
and judgment for the plaintiff.

M'KINNEY, J.—This is an action of trespass on the case in
slander. The declaration contains two counts, and the words
charged in each, import incontinence. The record presents a
number of points, in which the writ, the declaration, three spe-
cial pleas of justification, instructions given and refused to be
given by the Court, with the particular character in which the
plaintiff sues, are before us.

The first bill of exceptions shows, that on *Wednesday*, the
29th day of *February*, 1832, it being the first day of the *Febru-
ary* term, on calling this cause, both parties agreed that the
ensuing day had been appointed by them for the trial; that on
the plaintiff's motion, the Court ordered a rule for a plea on or
before the next morning, the defendant reserving his right to
file a plea in abatement; that on the Court's convening on the
said day at 2 o'clock, the defendant moved, before any pleas
were filed, to set aside and quash the writ for defects on its
face, the writ being returnable on the *Wednesday* after the last
*Monday* in *August* next, and bearing date the 19th of *January*,
1832; that the motion was overruled by the Court, on the
ground that taking the rule to plead as aforesaid, constituted
an appearance, which precluded the defendant from taking an
exception to the writ. By the act fixing the times of holding
Courts in the several judicial circuits, the Courts in *Hancock*

county are required to be annually held "on the *Wednesday* succeeding the last *Mondays* in *February* and *August;*" and by the act regulating suits at law, "all process (except *subpœnas*) are made returnable to the first day of the next term." The time of holding each term of the Court, and the day of the return of all process (except *subpœnas*) are thus fixed by law. The writ dated in *January*, is made returnable to the *August* term. Between the date of the writ and the *August* term, is interposed by law, the *February* term, and the law requiring a writ to be made returnable to the next term, that is, the term immediately succeeding its date, the writ in this case, with reference to its date, being made returnable to a day *non juridicus*, is clearly a nullity, and should on motion, have been quashed. *Atkinson* v. *Taylor*, 2 Wils. 117.—*Parsons* v. *Loyd*, 3 ib. 341.—Barnes' Notes, 76, 409, 410, 420.—6 Com. Dig. Pl. In *Shirley* v. *Wright*, 2 Salk. R. 700, it is said, that all *mesne* process must be made returnable to the same or the next term; and if a term be omitted, the writ is void, for otherwise the defendant might be kept unreasonably long in prison.

It is however contended, that an appearance was entered by the defendant, and the error of the process thus cured. That appearance cures all errors and defects in process, is settled law; 6 Com. Dig. 8,—Barnes' Notes, 163, 415, 167; and if an appearance was entered, the defendant is concluded. We will examine what constitutes an appearance, and apply the law to the acts of the defendant as presented by the record. It is said that there is no appearance unless of record, for whether he appeared or not ought to be tried by the record; 6 Com. Dig. 8,—1 Tidd, 213; and that an appearance to a writ should be entered in the filacer's office, by plea, or motion, or entry on docket, or some official act. Crabb's Hist. Com. Law, 559. This being the law, we do not discover from the record an appearance by the defendant, and must conclude, there being none, that the defendant could plead in abatement, or move to quash the writ.

It would not seem admissible to divest the defendant of a legal right, by the act of the plaintiff, or by the order of the Court. The rule to plead was granted on motion of the plaintiff; but, still, the defendant reserved to himself the right, which at that time could not be affected by the rule, of pleading in abatement; thus manifestly showing there was no waiver of a

right. By the practice act, "pleas in abatement shall be filed on or before the day for which the cause was docketed, at the first term at which it stands for trial:" so that the defendant had the day on which the rule was granted, for the plea in abatement. The agreement of the parties, that the ensuing day was appointed for the trial, is insufficient to constitute an appearance. The trial was itself dependent on contingencies, among which is not least to be regarded, the defendant's waiver of exception to the writ and pleading to the action. The record shows that the ground of the Court's refusal to sustain the motion to quash, was the defendant's taking the rule to plead. It would seem that the rule was on the plaintiff's motion, and that the defendant was passive, except in the reservation of the right to plead in abatement; a reservation which clearly constitutes a qualification of an implied consent to the rule.

We think the motion to quash the writ should have been sustained, the writ being a nullity, and the defendant not having waived a right to make the motion.

The motion to quash the writ being overruled, the defendant demurred to the declaration, which being also overruled, he withdrew the demurrer, and filed four several pleas:—1st, the general issue; and three special pleas of justification. Issue on the first, and special demurrer to the others. The questions presented by these pleas, and growing out of the instructions given and refused to be given by the Court during the trial, are of moment, but it does not appear to us that an opinion, in relation to them, is necessary in this case. We will, therefore, proceed to examine the objection made to the character in which the plaintiff sues. She sues by *prochein amy*, without an averment in the declaration of infancy, or of the admission of the *prochein amy* by leave of the Court. This is assigned as error, and it is contended by the defendant in error, that the objection is not well taken, because the law will presume infancy, and therefore its averment is unnecessary.

At common law, an infant could neither sue nor defend, except by guardian. Lawes on Pl. in Assump. 432.—Harg. note 1, to Co. Litt. 135, b. By the statutes of West. 1, 3 *Edw.* 1, ch. 49, and West. 2, 13 *Edw.* 1, ch. 15, he is authorised to sue by *prochein amy*. In all cases, however, it is error if an infant, though sued with others, does not defend by guardian. Harg. notes, 1, 2, to Co. Litt. 119, 120. In either character, as

plaintiff or defendant, prior to the statutes of Westminster, and subsequent thereto when defending, the guardian is by the special appointment of the Court. *Ibid.* The reason why an infant, irresponsible for costs, and without the maturity of judgment, such as the law requires to give validity to contracts, should sue by *prochein amy*, is thought obvious. It is to meet a liability for costs, to restrain from ruinous litigation, and to afford to the inexperience of legal minority, through the intervention of the Court, a necessary protection. A *prochein amy*, therefore, sues by the permission of the Court, and the fact of such permission being given, should appear in the declaration, or it is error; 2 Saund. R. 117, f. n. 1; and it is the duty of a Court, if informed that a suit by *prochein amy* is not for the interest of the infant, to arrest the proceeding. This power, possessed by the Court, is connected with its general superintending controul over infants. 2 Saund. Pl. and Ev. 580.— Gould's Pl. 249.—Bac. Abr. Infancy, K. 2. The presumption of infancy is never indulged. As a ground of relief, it must be shown; and of defence, be either pleaded or given in evidence. It is said, he ought to appear to be an infant; for, if he sues at full age by guardian or *prochein amy*, it is error. 6 Com. Dig. Pl. 2 c, 1, p. 302.—2 Inst. 261. The right to sue is inseparably connected with the legal interest, and the fact that the legal interest in the action remains in the infant, though suing by *prochein amy*, is demonstrated by the exercise of the rights by Courts, to dismiss the *prochein amy* for various causes, for malconduct in the management of the cause, if required as a witness, or from lapse of time, if the infant before the end of the suit, attains full age. The right then to sue by *prochein amy* being dependent upon minority, and the admission of the *prochein amy* by the Court, these facts should appear on the declaration, or it is error (1).

Being of opinion that the suit was improperly brought, the question occurs, In what manner should the objection have been taken? The defect appears on the declaration, and is the subject of demurrer. A demurrer to the declaration would have reached it, but, as the demurrer to the declaration was withdrawn on being overruled, the objection was available on the issue at law to the pleas; as that issue assumed on the part of the plaintiff the sufficiency of the declaration.

We are, therefore, of opinion that the judgment of the Circuit Court must be reversed.

*Per Curiam.*—The judgment is reversed with costs.

. *J. B. Ray* and *J. Eccles,* for the plaintiff.

*C. Fletcher, H. Brown,* and *W. W. Wick,* for the defendant.

(1) Commencement of the declaration by an infant:—*Marion* county, ss. *A. B.* by *E. F.,* who is admitted by the Court here to prosecute for the said *A. B.,* who is an infant within the age of twenty-one years, as the next friend of the said *A. B.,* complains of *C. D.* being in custody, &c. For that whereas, &c. 2 Chitt. Pl. 32.