Nov. Term, 1836.

Doe, on the Demise of WILKINS, *v.* RUE and Others.

DOE
v.
RUE.

If land be sold on execution which, as to the amount, varies from the judgment, the purchaser or person claiming under him may have the execution amended by the judgment.

One execution cannot be issued upon two separate judgments.

A judgment which is unreversed cannot be objected to as evidence, merely because it is erroneous. *Aliter*, if it be a nullity.

A sheriff's deed may be admissible as evidence, though it recite incorrectly the amount of the execution under which the sale was made; a particular recital of the execution not being necessary to the validity of the deed. .

On a demurrer to evidence, the facts and conclusions which the evidence conduces to prove are admitted; and the Court may draw from the evidence every inference which a jury could have reasonably drawn from it.

Upon an execution for 80 dollars, the sheriff sold a quarter section of land for 567 dollars, and conveyed the same to the purchaser. Ten years afterwards, the execution-defendant, without showing any cause for his delay, objected to the sale for having been so made. *Held,* that the sale, under these circumstances, might be considered on a demurrer to evidence, to have been made in good faith.

ERROR to the *Wayne* Circuit Court.

Friday,
March 24,
1837.

BLACKFORD, J.—This was an action of ejectment for a quarter section of land in *Wayne* county. Plea, not guilty; and judgment for the defendants.

The defendants moved to amend two executions against *Wilkins*, the lessor, under which, with another, the land in dispute had been sold by the coroner, and purchased by *William Reniston*, under whom the defendants claimed. This motion was granted, and the executions were accordingly amended. The making of these amendments is assigned for error.

The first execution which was amended, was in favour of *Barker* against *Wilkins* for 25 dollars and six cents. The judgment on which this execution issued, was for 24 dollars and 34 cents. The execution was amended so as to make the amount correspond with that of the judgment. We can see no objection to this amendment. The defendants were interested in the validity of the coroner's sale; because, if the sale was valid, the title to the premises was not in *Wilkins*, and he could not, therefore, recover in this action. The error in the amount of the execution was only a misprision of the clerk, and was amendable by the judgment. 2 Tidd's Prac. 643.— 2 Arch. Prac. 279.—Graham's Prac. 538.—*Bissell* v. *Kip,* 5 Johns. 89.—*Brown* v. *Betts,* 13 Wend. 29.

The other execution which was amended, was in favour of *Asa Jeffries* and *John Smith* against *Wilkins* for 314 dollars and 99 cents, together with nine dollars and 86 cents as costs. This execution was amended, so as to require the coroner to make 127 dollars and three cents recovered by *Jeffries*, and 187 dollars and 96 cents recovered by *Smith*, and also to make the sum of nine dollars and 86 cents recovered by the plaintiffs for their costs. This amendment, it appears to us, has not made the execution any better than it was before, and the plaintiff, therefore, need not complain of it. The judgments in favour of *Jeffries* and *Smith* are not joint but several, and they are no authority for the execution under consideration. We shall notice this again, when we come to speak of the admission of this execution in evidence.

After these executions had been amended, a jury was impanelled to try the cause.

The defendants admitted on the trial, that the lessor of the plaintiff was the owner in fee-simple, in 1824, of the premises in controversy; and that he was still the owner of the same, unless the defendants could show a paramount title.

The first evidence offered by the defendants to show their title, was two judgments against *Wilkins*, the lessor; one of them in favour of *Jeffries*, and the other in favour of *Smith*. The record of these judgments was objected to as evidence, but the objection was overruled. These judgments are in cases of attachment. The objections to their admission are, that the record does not show that bonds were filed; that, in one of the cases, no affidavit appears to have been made, and in the other, that the affidavit was made too long before the issuing of the writ; that, in one case, the only description of the cause of action is in the affidavit; and that there is not, in either case, any order for the sale of the property attached. Objections like these, not showing the judgments to be nullities, could not exclude the record as evidence. The force of such objections, whatever it may be, can only operate in cases of appeal and writs of error.

The next evidence offered by the defendants, was two judgments against *Wilkins* in favour of *Barker*. These judgments were admitted. It is said that their admission was objected to in the Court below, but the objection is not urged here. The execution of *fieri facias* in favour of *Asa Jeffries* and

Nov. Term,
1836.

Doe
v.
Rue.

*John Smith* against *Wilkins*, which we have already noticed, was offered in evidence by the defendants. This execution, which was issued upon the two judgments in attachment to which we have referred, was objected to as evidence, but it was admitted. The Circuit Court here committed an error. The two judgments—one in favour of *Jeffries* for 127 dollars and three cents, the other in favour of *Smith* for 187 dollars and 96 cents—are entirely distinct, and have no dependence on each other. The execution in question could not issue upon these several judgments. The variance is fatal.

The defendants further offered in evidence two executions against *Wilkins* in favour of *Barker*. This evidence was objected to in the Circuit Court, but it was admitted. The objection is now correctly abandoned. One of these executions, it is true, had issued for a small sum more than the judgment, but the variance had been obviated by an amendment.

The last evidence offered by the defendants, was the coroner's deed for the premises to the purchaser under the executions against *Wilkins*. This deed recites the execution in favour of *Jeffries* and *Smith*, and the executions in favour of *Barker*. The recital agrees with the executions as they were issued; but as two of them had been subsequently amended, there was as to these a variance in the recital. This variance was insisted upon as an objection to the admission of the deed in evidence, but the Circuit Court overruled the objection. This objection is without foundation. One of the executions in *Barker's* favour, was issued in conformity with the judgment. That execution was not amended, and it is correctly recited in the deed. The execution in favour of *Jeffries* and *Smith* is, as we have before stated, not admissible evidence under the judgments in their favour; and the recital in the deed of that execution is, therefore, merely surplusage. The other execution in favour of *Barker* is for 24 dollars and 34 cents; but it is stated in the recital of the deed to be 25 dollars and six cents. Here is a slight variance; but the objection to the deed as evidence, on that ground, is not sustainable. A particular description of the execution is not required in the recital of a sheriff's deed; and such mistakes, therefore, in the recital, as the one we have just mentioned, do not affect the validity of the deed, or create any objection to its admission as evidence. It is not necessary to dwell upon this point,

34

Nov. Term, 1836.

Doe
v.
Rue.

as it is settled by authority. *Jackson*, dem. *Martin et al.* v. *Pratt*, 10 Johns. Rep. 381.—*Jackson*, dem. *Witherell et al.* v. *Jones*, 9 Cowen's Rep. 182.—*Sneed* v. *Reardon*, 1 Marsh. Ky. Rep. 217.

There is one question more in this cause to be considered. That question relates to the decision of the Circuit Court, in favour of the defendants, on a demurrer to their evidence; leaving out of our view the execution in favour of *Jeffries* and *Smith*. The plaintiff admits on the record, that the defendants have legal conveyances from the purchaser at the coroner's sale; so that the only question for the decision of the Circuit Court on the demurrer, was, whether the coroner's sale could, under the circumstances, be considered valid? The amount to be collected on the executions in favour of *Barker*, according to the endorsements on them, was about 80 dollars. The premises, viz. a quarter section of land, sold for 567 dollars. The sale was about 10 years before the suit was commenced. This is the substance of the testimony relative to the sale. By the demurrer, the facts and conclusions which the evidence conduced to prove were admitted; and the Court had a right to draw from the evidence every inference which a jury could reasonably have drawn from it. *Gibson* v. *Hunter*, 2 Hen. Bl. Rep. 187.—*The Columbian Insurance Company* v. *Catlett*, 12 Wheat. Rep. 383, 389. The Circuit Court, in overruling the demurrer, have determined the sale to be valid; and we are not disposed to disturb that decision. There is nothing in the evidence, which could have prevented a jury from inferring from it, that the sale was in good faith. Indeed, it appears to us that the fact, unexplained as it is, that the plaintiff permitted 10 years to elapse from the time of the sale and conveyance, before he thought proper to complain, conduced to prove that he was satisfied with the sale, and that it was not fraudulent.

*Per Curiam.*—The judgment is affirmed, and judgment for costs against the lessor of the plaintiff.

*O. H. Smith* and *J. S. Newman*, for the plaintiff.
*J. Rariden*, for the defendants.