Nov. Term,
1848.
_____

ZIEGENHAGER
v.
DOE.

---

ZIEGENHAGER *v.* DOE on the Demise of STRONG.

Judgments which are not void are not impeachable collaterally.

Under proceedings in attachment, each claim stands as an independent suit, and subsequent claims may be filed, when due, though the claim on which the attachment issued be paid, if the attachment is still pending at the time the subsequent claims are filed.

The attachment lien commences as early as the levying of the writ, as to the claim on which it issued, and the lien of subsequent claims commences as early as the date when such claims were filed.

Friday,
January 26,
1849.

APPEAL from the *Vanderburgh* Circuit Court.

PERKINS, J.—Ejectment by *Doe* on the demise of *David E. A. Strong*, against *Francis Ziegenhager*. Judgment for the plaintiff below. The title of the lessor of the plaintiff was regularly deduced from *Robert M. Evans*, whose title is admitted to have been perfect. The defendant rested his title upon a sheriff's deed, made pursuant to a sale of the property in question upon a judgment in attachment, against *Samuel K. Miller*, the immediate grant-

or of *Strong*, the plaintiff's lessor, together with the pro-
ceedings in the attachment-suit. The title of the plain-
tiff's lessor was valid, unless divested by that sale; and
if it was so divested, then the title of the defendant was
good, and the judgment below should have been for him.
The question is upon the validity of the attachment-pro-
ceedings. They were as follow:

On the 6th of *March*, 1840, *Charles J. Mathews* sued
out a writ of foreign attachment against *Samuel R. Mil-
ler*, having first filed a proper affidavit and bond. This
writ closed with the following direction: " And of this
writ make legal execution and due return, (with your pro-
ceedings thereon,) within twenty days from this date."
It was executed by being laid upon, among other property,
that in controversy, and was returned before the first day
of the succeeding term of the *Vanderburgh* Circuit Court,
from which it issued. On the 11th of *March*, publication
of the pendency of the attachment was made. The no-
tice published contained the affidavit, the writ, return
upon it, order of publication, &c., and concluded thus:
" Now the aforesaid notice is hereby given to the said
*Samuel R. Miller*, that unless he be and appear at the
next term of the Circuit Court for the county and state
aforesaid, to be held at the court-house in the town of
*Evansville*, on the 4th *Monday* in *March*, instant, and de-
fend the said action, the same will be heard and deter-
mined in his absence." At the *March* term, 1840, the
cause was continued. At the *September* term, 1840, proof
of the publication was made.

After the issuing of the foregoing writ of attachment on
the 6th of *March*, *Juliana Longley*, on the same day, filed,
pursuant to the statute, her affidavit of a claim against
said *Miller*, and her attachment-bond, and on the 5th of
*July*, 1841, her other affidavit and bond for the enforcing
of another claim.

On the 6th of *July*, 1841, the *State Bank of Indiana*
filed her affidavit and bond under the attachment. The
debt she claimed was 1,000 dollars, due by a bill of ex-
change, dated *March* 27th, 1840, and payable 6 months

Nov. Term,
1848.

ZIEGENHAGER
v.
DOE.

after date. The bond recites: "Whereas a writ of foreign attachment has been issued out of the *Vanderbugh* Circuit Court in favor of *Thomas J. Mathews* and against the goods, &c., of *Samuel R. Miller*, which writ is still pending in said Court, in favor of Mrs. *Juliana Longley*," &c. At the *March* term, 1842, judgments were rendered on the claims filed by Mrs. *Longley*, and on that by the bank. Nothing appears of record as to the claim of *Mathews*. The judgments in favor of Mrs. *Longley* and the bank were, in each case, that the plaintiff recover, &c., of the defendant, and an order that "a special execution issue herein, directing the sale of the property attached, or so much thereof," &c. Upon the judgment in favor of the bank, execution issued, and the sale of the property in controversy took place. The deed of *Miller*, the attachment-defendant, to *Strong*, for said property, was executed on the 25th of *August*, 1841, and duly recorded. The Court below rejected the attachment-proceedings as evidence.

The counsel for the defendant in this Court, in justifying the ruling of the Circuit Court, make the following points:

1st. The writ of attachment, being returnable within twenty days, and not on the first day of the next term of the Court, was void.

2d. The notice published was not a notice generally of the pendency of the suit, but it informs the defendant that if he fail to appear at the then next term of the Court, (two weeks after the notice was first published,) the suit will be disposed of in his absence. This, not being such a notice as is required by statute, being calculated in fact to mislead the defendant, if he should happen to see it, was void.

3d. *Mathews'* claim having been satisfied, the suit could have been continued pending for the benefit of those only whose claims had been filed before his was satisfied; and no claims could have been filed except such as were due at the time the writ of attachment issued.

4th. But if subsequently accruing claims could be filed,

the liens in their favor upon the attached property could only commence with judgments rendered upon them.

5th. The judgment of the bank was void, because it was an ordinary one in assumpsit, and not special against the effects attached; because it did not particularly describe the property to be sold; and because there does not appear to have been proof that the property attached belonged to the defendants.

In considering this case we will first examine the point made as to the validity of the writ of attachment; and, without indicating our opinion as to what might be the effect, should we hold the writ void, we shall determine the present suit on the ground that it was not so.

In *Shirley* v. *Hagar*, 3 Blackf. 225, it is said: "The time of holding each term of the Court, and the day of the return of all process (except subpœnas) are fixed by law. The writ, dated in *January*, is made returnable to the *August* term. Between the date of the writ and the *August* term is interposed by law the *February* term, and the law requiring a writ to be made returnable at the next term, that is the term immediately succeeding its date, the writ in this case with reference to its date being made returnable to a day *non-juridicus*, is clearly a nullity, and should, on motion, have been quashed." Some authorities are cited, and it is added: "In *Shirley* v. *Wright*, 2 Salk. 700, it is said that all *mesne* process must be made returnable to the same or the next term; and if a term be omitted it is void, for otherwise the defendant might be kept unreasonably long in prison."

The writ in the attachment-record before us was not for the arresting of any person, nor even for notifying the defendant to appear to the suit, but simply for the attaching of property; and it was not, in express words, returnable to any particular day in term, nor to any particular term of Court, but was to be duly returned within twenty days. Now what constituted, as to time merely, a due return? In the language of the Court in *Shirley* v. *Hagar, supra*, "the time of holding each term of the Court and the day of the return of all process (except subpœ-

nas) are thus fixed by law." That law the sheriff was bound to know. It required him to return the writ in the attachment-suit to the first day of " the term immediately succeeding its date." Such, as to time merely, would have been a due return. The attachment-writ under consideration, then, was in legal effect returnable to the then next term of the *Vanderburgh* Circuit Court, as it was returned. The words " within twenty days," were surplusage. The writ was complete without them. They cannot be regarded as repugnant to the precedent part of the writ, as its legal return-day fell within the twenty days. See *Bosley* v *Farquar*, 2 Blackf. 61. Had the writ commanded the sheriff to attach property and make return, &c., to a certain specified day, and that day was an unauthorized one, the view taken might have been different. But as to this we decide nothing.

The objection to the notice cannot be sustained. It was published as required by statute "immediately after the return of the writ executed," and was continued the legal time. The statute prescribed no form in which it should appear, and that under consideration contained in substance, all that seemed to be required, and something more, but nothing to render it void. The material fact to be stated in the notice was, the pendency of the attachment. The circumstance that it also required the defendant to appear sooner than it was necessary he should, could hardly injure him. See R. S. 1838, s. 4, p. 80. Holding the writ and the notice in the attachment-suit, then, not void, though informal, it follows that the Court trying that suit, had jurisdiction, both of the subject-matter and the person. This being the case, all the other irregularities, if such they were, insisted on by the defendant's counsel, would not render the attachment-proceedings void; and not being so, they were not impeachable collaterally. *Prigg* v. *Adams*, 2 Salk. 674.— *Doe* v. *Rue*, 4 Blackf. 263.—*Brown* v. *Trulock*, id. 429.— *Connor* v. *Paxson*, 1 id. 168.—*Porter* v. *Porter*, 7 Humph. (Tenn.) R. 168. In this latter case it was decided that "where a judgment was rendered on an attachment

against a non-resident debtor before the period of six months had elapsed, as required by act of 1794, ch. 1, such judgment is irregular and reversible on writ of error, but is not void." See also *Horner* v. *Doe*, at the *May* term, 1848, of this Court, and cases cited (1).

Upon the third point above made by the counsel for the defendant, however, viz., that the attachment could not be kept alive in favor of those filing claims after that of the original attachment-creditor had been paid, and that none could avail themselves of the attachment but those whose demands were due at the time the writ issued, we may properly remark, that had there been no statute enabling creditors to come in under a pending attachment, each one, under the general provision authorizing such writs, might, on his demand coming due, have obtained a writ on his own behalf and had it laid upon the property of the defendant. Under the supposed state of the law, then, Mrs. *Longley* in this case, might have obtained a writ against *Miller* and had it laid upon his property, subject, of course, to the prior writ of *Mathews;* and the bank, on her claim coming due, might also have obtained a writ, which would have been executed subject to those of *Mathews* and *Longley;* and had they done so, the settlement of any one of the claims would not have affected the proceedings on the others. Now, to avoid the expense to the defendant of separate writs in all these cases, the statute provides that, where one writ has been issued, the defendant being brought into Court, constructively, at least, upon it, other creditors may proceed under such writ, and that it shall not be dismissed to the prejudice of those so proceeding, each of the claims so filed standing, in reality, as an independent attachment-suit. Such being the case, it would seem to make no difference that the claims filed subsequently to the attaching-creditor's, were not due at the issuing of the writ, nor, that the claim upon which the writ issued had been paid, as the attachment was actually pending upon a single claim at the time a subsequent one was filed.

This view of the question will enable us, without diffi-

culty, to determine that the commencement, in any given case, of the attachment-lien must be as early, at least, as the levying of the writ, as to the claim upon which it is issued and as to each subsequent claim, at least, as early as the filing of it. This must result from the fact that each is, in effect, an independent attachment suit. Whether the lien of subsequent claims relates back to the levying of the attachment, we do not decide. In the record before us, it appears that the bank instituted her proceedings on the 6th of *July*, 1841. The lien in her favor, then commenced. On the 25th of *August* following, *Miller* sold the property in question to *Strong*, the lessor of the plaintiff below. It was at that time subject to the lien of the attachment-claim of the bank, and so continued after the conveyance to *Strong*. *Fettyplace* v. *Dutch*, 13 Pick. 388.—*Arnold* v. *Brown*, 24 id. 89.—*Ex parte Foster*, Law Reporter, Vol. 5, No. 2, (*June*, 1842.)—*Devenport et al.* v. *Tilton*, 10 Met. 320. The statute of this state is similar in substance to that of *Massachusetts*, under which the foregoing decisions were made. The Court below erred in refusing to admit the record in evidence.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. Baker*, for the appellant.

*J. G. Jones, J. H. Bradley*, and *A. A. Hammond*, for the appellee.

(1) See *ante*, p. 130.