HUTCHENS *v.* DOE on the Demise of SMITH.

> In ejectment to recover the possession of land sold to the plaintiff's lessor upon execution, he was permitted by the Court at the trial to amend the executions upon which the land was sold to him. The record did not show what the amendments were. *Held*, that it must be presumed they were such as might properly have been allowed.
>
> Clerical mistakes made in the issuing of an execution may be amended by the judgment.
>
> A sale to an execution-plaintiff will be avoided by the reversal of the judgment as respects the costs of the suit.

*Friday,
December 3.*

ERROR to the *Randolph* Circuit Court.

SMITH, J.—This was an action of ejectment by the defendant in error against the plaintiff in error.

The plaintiff's lessor claimed title by virtue of a sale of the premises in controversy to satisfy two executions, he being the purchaser. The executions had been issued on judgments which he himself had obtained against the plaintiff in error. One of the judgments was for 27 dollars and the costs of the suit.

The first error assigned is, that the Court permitted the plaintiff's lessor to amend the executions before offering them in evidence. The record does not show what amendments were made, and we must presume they were such as might properly be allowed. Clerical mistakes made in the issuing of an execution may be amended by the judgment. *Doe* d. *Wilkins* v. *Rue*, 4 Blackf. 263.

It was proved that after the sale one of the judgments, so far as respects the costs of suit, had been reversed by this Court, and it is contended that as the sale was made for the payment of those costs as well as the valid por-

tions of the judgments, and the purchaser was the execution-plaintiff, he acquired no title to the premises.

We think this position is correct. The statute concerning sales on execution, provides that where any real estate shall have been sold by virtue of a judgment afterwards reversed, and the purchaser is a party to the record, or attorney of any party thereto, the reversal shall have the effect to avoid such sale. R. S. c. 29, ss. 17–24.

If, therefore, the entire judgments under which this land was sold had been reversed, there can be no doubt that such reversal would have had the effect to render the sale invalid, and we think the reversal of a portion of one of the judgments produces a similar result. The execution-plaintiff caused the land to be sold for a greater amount than he had a right to make by virtue of his executions, and as he is not a *bona fide* purchaser without notice, he can take nothing by his purchase.

It has been heretofore decided by this Court that a sale of land for taxes is not valid unless the land was liable for *all* the taxes for which it was sold. *McQuilken* v. *Doe*, 8 Blackf. 581. We think the cases are analogous.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Perry*, for the plaintiff.

*J. Smith*, for the defendant.