as to any fund, lien, or equity which the creditor had against any other person or property on account of such debt. In the course of his opinion, the chancellor cites *Watts* v. *Kinney*, 3 Leigh's R. 272, where the sureties had actually paid the debt, so that the lien of the creditor's judgment was discharged at law; yet the Court decided that the sureties were in equity entitled to the benefit of the judgment, as a lien on the land, against the claims of an attaching creditor.

---

## Wortman v. Ash.

The declaration in a suit brought by an infant, did not show that the next friend named therein was admitted by the Court, nor that he filed his consent to act as such, agreeably to the statute; but no objection was made to the declaration, on that account, before verdict. *Held*, that, after verdict, the objection must be considered as waived.

ERROR to the *Ripley* Circuit Court.

DAVISON, J.—Trespass by the defendant in error against the plaintiff in error. Plea, not guilty. Verdict and judgment for the plaintiff below.

The commencement of the declaration is as follows: "*George Ash*, (an infant under the age of twenty-one years, by his next friend, *Littleton Ash*,) complains of *George W. Wortman*, defendant, in a plea of trespass," &c.

The plaintiff objects to the declaration, because it does not show that the next friend therein named was admitted by the Court; nor does it show that he filed his consent to act as such, agreeably to the statute. See R. S. 1843, p. 679, ss. 58, 59, 60.

This objection was not presented to the Court below; and it seems to us, that it is one that should have been made at the earliest stage of the proceedings. We are referred to *Shirley* v. *Hagar*, 3 Blackf. 225. In that case it was held that a declaration stating that the plaintiff sues by *prochein amy*, without showing the plaintiff's in-

fancy and the *prochein amy's* admission, was bad on general demurrer.

In the present case, the plaintiff failed to demur to the declaration. His objection to it is first raised in this Court. We are of opinion that the defect complained of must, after verdict, be considered as waived. *Usher* v. *Cornwell*, 3 Ind. R. 210.

*Per Curiam.*—The judgment is affirmed, with 2 per cent. damages and costs.

*J. Ryman*, for the plaintiff.

*S. S. Harding*, for the defendant.

---

WARD *v.* WALTON.

The parties to a written contract, not under seal, may, before breach, enter into a valid oral contract providing for its discharge by the delivery of property, or in any other manner.

By agreement between the maker and payee of a promissory note, after its execution, the payee was to receive lumber in satisfaction of the note; and the maker, before the note became due, had substantially performed his part of the agreement. *Held*, that such performance was a sufficient defence in a suit against the maker by an assignee to whom the note had been indorsed after it became due.

APPEAL from the *Randolph* Circuit Court.

DAVISON, J.—*Ward* sued *Walton* before a justice of the peace, on a promissory note for the payment of 25 dollars. The note was dated *June* 29, 1847, and payable to *Wolf* and *Shaw*, two years after the 1st of *January*, 1848, and by them, on the 2d of *January*, 1850, assigned to the plaintiff.

The defendant before the justice filed six special pleas. The first, second, third and sixth pleas will not be noticed, as they present no point in the case.

The fourth plea states that the defendant had paid the note to *Wolf* and *Shaw* before notice of the assignment,