THE STATE on the relation of GELLINGER *v.* KING and Another.

Section 122, 2 R. S. 1852, authorizes justices to issue writs of attachment against the goods of a debtor, when the amount claimed by any one creditor does not exceed 100 dollars. *A.*, with several other creditors, proceeded by attachment, under that section, against the property of *B. A.* filed three several claims of 100 dollars each, accompanied by affidavit and bond to each claim respectively, and recovered thereon three several judgments for 100 dollars each. In a suit by *A.* on the official bond of the justice, for his refusal to pay to *A.* his *pro rata* share of the proceeds of the sale of the attached property, *held*, that each claim filed by *A.* was a separate suit, and himself a separate creditor in each, and that, hence, the claims were within the justice's jurisdiction.

APPEAL from the *Wayne* Court of Common Pleas.

Monday, December 4.

STUART, J.—This action is brought on the official bond of *King*, for failing and refusing to pay over money collected by him as justice of the peace.

The record discloses this state of facts. Several creditors proceeded by attachment against the property of one *Good*. *Gellinger* filed three several claims of 100 dollars each, accompanied by an affidavit and bond to each claim respectively. *King* was the magistrate who issued the

Nov. Term,
1854.

THE STATE
v.
KING.

process. At the trial, *Gellinger*, the relator, recovered three judgments, for 100 dollars each, against *Good*, which still remain in force on *King's* docket. When the attached property was sold, the proceeds were paid over to *King*. *Gellinger's pro rata* was 54 dollars, which, on demand, *King* refused to pay, upon the ground that *Gellinger's* claims exceeded the magistrate's jurisdiction, and therefore the judgments were void. In the Court below, there was judgment for the defendant. *Gellinger* appeals.

The jurisdiction of the justice in attachment is the same as in other cases. 2 R. S. 451.—2 *id.* 72. To the amount of 100 dollars the jurisdiction is not questioned.

But it is contended that under the peculiar wording of section 122, 2 R. S. 473, the filing three claims by one creditor, of 100 dollars each, ousted the jurisdiction. That section reads—"justices may issue writs of attachment against the personal property of a debtor," &c., "when the amount claimed by any one creditor does *not exceed one hundred dollars*," &c.

Had *Gellinger* filed all his demands in one claim, under the same affidavit and bond, the question of jurisdiction would have been clear. The judgment of the justice would have been *coram non judice* and void. Does the fact of filing three different claims, each within the jurisdiction, and each accompanied with a bond and affidavit, make any difference? We think it does. The phrase "any one creditor," may be fairly interpreted to mean any one claiming under the same bond and affidavit. Each claim thus filed is a separate suit. 2 Ind. 296. Under the state of facts presented in this case, we must regard the cases on the question of jurisdiction severally. *Gellinger* is a creditor in each suit separately. What the effect of a motion to consolidate, in the first instance, would have had on the question, is not before us. Nor is it necessary to decide what would have been the rights of *Gellinger*, even had the judgments been, as *King* claims them to be, void. It is sufficient that in the form the question is presented, each claim, with its affidavit and bond, constitutes a single, independent suit, and the plaintiff a separate creditor; and

the fact that there are three such claims made by the same party will not be taken notice of, as of course, and in a collateral way, for the purpose of affecting the jurisdiction. *Ziegenhager* v. *Doe*, 1 Ind. 296.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*J. B. Julian*, for the state.

*O. P. Morton* and *J. M. Wilson*, for the appellees.