BROWN and Another *v.* McKAY.

Transcripts of three judgments rendered before justices of the peace, were filed in the office of the clerk of the Court of Common Pleas of the proper county. The one first filed, was certified in the following form: "I, &c., do hereby certify that the foregoing is a true and complete transcript of the judgment from my docket." This transcript professed to contain a statement of the issuing and return of an execution, before the justice. Executions were issued upon the transcripts, and levied by the sheriff upon certain real estate, which was sold, and bought in by the plaintiff filing the first transcript. Suit to recover the land.

*Held*, that the certificate of the justice to the transcript did not cover the proceedings had before him on execution, even if it included the proceedings prior to the judgment, and it was therefore properly rejected as evidence.

*Held*, also, that the land having been sold upon all three of the executions, and one of them, being the one first to be satisfied, having improvidently issued, being thus based upon an imperfect record, the sale was thereby rendered invalid.

*Monday,*
*June 17.*

APPEAL from the *Floyd* Circuit Court.

HANNA, J.—Appellants sued to recover a certain lot of land. They relied upon a purchase at sheriff's sale, for the sum of $100, made upon three executions issued by the clerk of the Common Pleas Court of said county, on transcripts filed in his office, of judgments rendered by a justice, against one *Murphy*. One of the executions, so issued, was in favor of the appellants, and was for about the sum of $79. On the trial, there was a judgment for the defendant. The question presented, is upon the refusal of the Court to admit evidence.

The plaintiff gave in evidence, without objection, the deed of the sheriff, and the executions upon which the sale was made; and then offered the transcripts filed in the office of the clerk of the Common Pleas Court, and upon which the said executions were based. This evidence was objected to, on two grounds: first, that the same was not competent; and, second, that if competent in any instance, the transcripts offered were not properly certified. The objection was sustained. As to the latter point, the form of the certificates attached to two of the transcripts is similar to that in *Wiley* v. *Forsee*,

6 Blackf. 246, and the statute under which that proceeding was had, and the present, are so similar as to make that decision an authority in this case. As to the certificate to the other transcript, which was of the judgment in favor of the present plaintiff, and was first filed in the clerk's office, and had to be first satisfied by such sale, such certificate reads as follows: "I, &c., do hereby certify that the foregoing is a true and complete transcript of the judgment from my docket." The statute is, that a transcript may be filed before or after execution; if before, a certificate has afterward to be filed of the issue and return of such writ. Here, the transcript professes to contain a statement as to the issue, and to set forth the return, of an execution. The certificate does not cover that portion of the proceedings had before said justice. It appears to stop at the judgment, certainly; even if it includes the proceedings previous thereto. That transcript was therefore properly rejected, as a part of the evidence. Perhaps the other two were not properly rejected; but we do not see that such ruling could have injured the appellant, for the land having been sold upon all three of the executions, and one of them, being the one first to be satisfied, having improvidently issued, being thus based upon an imperfect record, the sale was thereby rendered invalid. *Hutchens* v. *Doe*, 3 Ind. 528; *Clark* v. *Watson*, 2 *id.* 400; *Harrison* v. *Stipp*, 8 Blackf. 455. In the latter case it was held by this Court, in effect, that where two executions were in the hands of the sheriff, the one upon the older lien being subject to valuation laws, and the other not, that a sale not in conformity with such valuation laws should be set aside. In other words, that the sale would not be sustained, when made upon two executions, where the junior was valid, and the proceedings in accordance with the law governing it, if invalid upon the senior lien. Thus far, the decisions of this Court appear to have been uniform toward one point, namely, declaring the invalidity of this sale, under the circumstances.

But we are referred to the case of *Shirk* v. *Wilson*, 13 Ind. 129, as being in antagonism to the cases cited. Whatever effect may be given to that decision, we do not think it is in conflict with the cases cited. It was a proceeding in

May Term,
1861.

attachment. It was, so far as this question is involved, in substance decided, that as to the question of priority on execution, the claims established all related to but one time, and form but one suit, and consequently there could, as between them, be, under the statute, no priority of lien.

*Per Curiam.*—The judgment is affirmed, with costs.

*R. Crawford,* for the appellants.

*W. T. Otto,* for the appellee.