SHELDON and Others *v.* ARNOLD.

Nov. Term,
1861.

SHELDON
v.
ARNOLD.

On *December* 28, 1857, *A.* recovered two judgments against *B.*, before a justice of the peace, for the sum of $200 each, and immediately thereafter filed in the clerk's office of the proper county, certified transcripts of the said judgments. On *January* 5, 1858, *C.* purchased of *B.* a tract of land in said county, and paid him the purchase money in full. Afterward, on *January* 29, 1859, the transcripts, together with the order book in which they were recorded, were destroyed by fire, and on *March* 26, 1859, the justice again made out transcripts, which were filed, and executions issued thereon were levied on the real estate purchased by *C.* Suit to enjoin the sale.

*Held,* that the judgments, upon the filing of the first transcripts, became liens on the land, but those transcripts, and the records thereof, having been destroyed, no executions could issue thereon until they were reinstated, in the mode pointed out by 2 R. S., § 20, p. 510.

*Held,* also, that the judgments, as evidenced by the second transcripts, were not liens on the land; and *quære,* whether the filing of the new transcripts was not a waiver of the liens of the old.

APPEAL from the *Noble* Common Pleas.

Saturday,
November 30.

DAVISON, J.—This was an action by the appellee, who was the plaintiff, to enjoin the sale, on execution, of certain real estate, described as lots 17 and 18, in *Legonier, Noble* county. The appellants were the defendants below. Defendants demurred to the complaint; but their demurrer was overruled, and thereupon they filed their answer, to which the plaintiff demurred. This demurrer was sustained, and final judgment rendered for the plaintiff, enjoining the sale, &c.

The facts of this case, as they are set forth in the pleadings, are substantially these: *Sheldon, Hoyt* and *Van Graasbeck,* on *December* 28, 1857, recovered two judgments against *Johnson Curl* and *James Smalley,* each for $200, before a justice of the peace of *Noble* county; and on the 29th of that month, filed transcripts thereof in the clerk's office of the *Noble* Common Pleas, which were duly certified by the justice, and by the clerk of said Court duly entered upon the order book. On *January* 5, 1858, the plaintiff, for the consideration of $300, then paid to *Johnson Curl,* purchased of him the real estate in question, and received from him a deed in fee simple, pursuant to the purchase; and the

plaintiff avers that when he received the deed, he had no knowledge whatever of any lien upon said real estate; that the same was purchased in good faith, without intent to defraud any one. After this, on *January* 29, 1859, the transcripts, so filed and recorded, together with the order book in which they were recorded, were destroyed by fire; and afterward, on *July* 25, 1858, the justice issued an execution on each of said judgments, which were duly returned, "*nulla bona.*" On *March* 26, 1859, the justice, a second time, made out and certified transcripts of the same judgments, and delivered them to the said *Sheldon, Hoyt* and *Van Graasbeck,* who filed them in the clerk's office of said Court, and the same were by the clerk duly recorded, &c. The proper affidavit having been made, an execution was duly issued by the clerk, upon each judgment, so on file and recorded as aforesaid; which executions were placed in the hands of *David S. Semmons,* the then sheriff of *Nob'e* county, and by virtue of which the above described real estate has been levied on and advertised for sale, &c. Now, the inquiry arises whether, upon these facts, the ruling of the Common Pleas can be sustained?

It must be conceded, that the judgments upon the filing and recording of the first transcripts became liens upon the lands described in the complaint; but these transcripts and the records thereof were destroyed, and, of course, no executions could issue upon them until they were reinstated in some mode known to the law. Have they been so reinstated? It is enacted, that any circuit or inferior court of record, held in any county, the records whereof have been destroyed, in whole or in part, may cause to be reinstated any judgment or decree, before that time made or rendered in said Court. 2 R. S., § 20, p. 510. The terms "made or rendered in said Court," as used in the statute, if literally construed, would not embrace the judgment of a justice, filed and recorded in the Circuit or Common Pleas Court; but such judgment, when so filed and recorded, is, evidently, within the equity of the statute. Smith's Comm. 819, *et seq.* This construction being correct, and we think it is, the judgments in this case, their records having been destroyed, can

not be held liens until they are reinstated in the mode pointed out by the statute. And it may be assumed with a degree of plausibility, that the filing of the second transcripts, without such reinstatement, was, of itself, a waiver of the lien created by the first. At all events, the judgments as set forth in the last transcripts, are not liens upon the land, because it had been sold and conveyed to the plaintiff at the time they were filed and recorded. And the result is, the levy of the executions was inoperative and void.

*Per Curiam.*—The judgment is affirmed, with costs.

*R. Parrett,* for the appellants.