# IN GENERAL TERM.

WOODBURN SARVEN WHEEL COMPANY *v.* JAMES H. Mc-
KERNAN, Appellant.

Appeal from NEWCOMB, Judge.

*Transcript from Justice's Court—Certificate of Justice—Affi-
davit—Misnomer—Execution, how impeached,
sales under, when valid.*

A certificate of a Justice of the Peace, that "the foregoing is a true, correct, and complete transcript from my docket, of the proceedings and judgment," complies with the statute.

Such transcript need not set out the summons issued in the cause; it is sufficient, if it sets out the fact that a summons was issued, and shows a return of the same.

Where, in the caption of an affidavit for an execution upon a transcript of a judgment rendered before a Justice of the Peace, the name "Morris" is written for "Morrison," if all the facts are set forth in the body of the affidavit, thus enabling the Clerk to place it on file, and attach it to the transcript upon which it is made—

Woodburn Sarven Wheel Company *v.* McKernan.

*Held:* That the misnomer in the caption was not such as to mislead any one and render subsequent proceedings and sale void.

A sale under a voidable execution is valid, even to a purchaser, with notice of the facts, where there is no fraud shown.

An execution, at most only voidable, can not be avoided in a collateral suit, by one who is not a party to it. It must be by direct proceedings, by a person in position to impeach its validity.

An affidavit, and execution issued upon it, are admissible in evidence, the former to show authority for the issuance of the execution, and the latter, for the sale under which the purchaser acquires title, as well as to show justification for the party acting under it.

BLAIR, J.—The plaintiff, in her complaint, says that she is the owner in fee simple, and possessed of certain real estate, and that the defendant unjustly claims title to said premises in fee, wherefore the plaintiff asks that the title may be settled and quieted.

The defendant answered by a general denial. The cause was tried at Special Term, and judgment and decree that title was in the plaintiff. The defendant moved for a new trial, which motion was overruled, and appeal granted to General Term.

The real estate in question was conveyed on the 21st day of May, 1862, by the defendant, James H. McKernan and his wife, to one James P. Morrison, and was afterward levied upon, and sold by the Sheriff, on an execution issued on a transcript of a judgment recovered before a Justice of the Peace, W. W. Leathers, Esq., the assignee of the judgment becoming the purchaser, to whom it was conveyed by the Sheriff, on the 15th day of May, 1868, and through whom the plaintiff claims title. The transcript of the judgment before the Justice was filed in the office of the Clerk of the Common Pleas Court, on the 17th day of November, 1866. It appeared in evidence, that on the 21st day of May, 1862, James P. Morrison mortgaged the real estate to the defendant, James H. McKernan and Winslow S. Pierce, and on the 14th day of October, 1864, the mortgage was endorsed by them upon the record, " Fully paid and satisfied." On the

17th day of June, 1868, a suit having before that time been instituted in the Common Pleas Court of Marion County, by McKernan & Pierce, a decree was rendered finding that the satisfaction of the mortgage on the 14th day of October, 1864, had been entered by mistake, and decreeing a foreclosure of the mortgage. James P. Morrison was the only party made defendant to these proceedings. On this decree the property was afterwards sold by the Sheriff, and conveyance made to the defendant.

On the trial of the cause, the transcript from the Justice of the Peace was offered in evidence by the plaintiff, to the introduction of which the defendant objected, urging in support of the objection, that it did not show the full proceedings, and does not set out the summons issued in the cause.

The form of the docket entry of the judgment, and of the proceedings in the cause, comply with the requirements of the statute, and is even fuller than the form given in the statute, (2 G. & H., p. 614, form 10, and Sec. 18, p. 518, Ib.,) and the certificate of the Justice is in the usual form. It is true, the judgment was taken by default, but the entry sets out the fact that a summons was issued, and shows the return of the same in full. The case of *Taylor* v. *McClure et al*, 28 Ind., 39, is a case precisely in point, and decides this question adversely to the defendant.

In the case cited by defendant, *Brown et al* v. *McKay*, 16 Ind., 484, the transcript professed to set out the judgment, and issuing and the return of an execution *nulla bona*, and the form of the certificate was as follows: "The foregoing is a true and complete transcript of the judgment from my docket," and it was held that the certificate did not cover the proceedings on execution, even if it included the proceedings prior to judgment. The certificate of the Justice in the case under consideration is as follows: "The foregoing is a true, correct, and complete transcript from my docket, of

"the proceedings and judgment," and the case cited does not, therefore, sustain the position of the defendant. We think the transcript was properly allowed in evidence.

The next objection taken was to the introduction, in evidence, of the affidavit of Mr. Leathers, upon which the execution issued. The title of the cause, as stated in the caption of the affidavit, is as follows: " *Robert L. Walpo'e* v. *James P. Morris.*" The judgment set out in the transcript is correctly described in the body of the affidavit, and in the execution, and all subsequent proceedings, as shown in the evidence. The certificate of the Justice, showing the issuing of an execution, and the return of the same, is properly entitled, and bears the same date of the affidavit, and they seem to have been filed at the same time with the Clerk, and by the Clerk received and acted upon, as in the case of *Walpole* v. *James P. Mor.ison,* and placed on file with, and attached to the transcript in said cause. We can not believe that the misnomer in the caption of the affidavit was such as to mislead any one, or render the subsequent proceedings and sale void.

There is another view of the case, which we deem conclusive. The affidavit is required for the purpose of informing the Clerk that the judgment is unpaid, and, together with the certificate of the Justice, constituted the authority of the Clerk to issue execution, and is analagous to the former proceedings by *scire facias,* and the more recent proceedings to procure execution, after the lapse of five years, and it has been settled that an execution issued after the lapse of the time limited, and without revival can not, for that ground alone, be avoided in a collateral suit by one who was not a party to it—" it is voidable only at the instance of the party against whom it issued, and that until set aside it is a justification for the party acting under it." *Doe* v. *Harter* 1 Ind., 427, and authorities there cited. A sale under a voidable execution is valid, even to a purchaser with notice

of the facts, where there is no fraud. *Doe* v. *Dutton*, 2 Ind., 309. See also upon the same points; *Doe* v. *Harter*, Ibid, 252.

We can not, therefore, regard the mistake, for such we think it clearly was, of the name in the affidavit material, and it was therefore properly admitted in evidence.

According to the view above taken, the execution was also properly admitted in evidence; for to give the fullest force to the objections of the defendant, it was at most only voidable, and could only be avoided by a direct proceeding, and the defendant is not in a position to avail himself of the defects, if any existed. Having lost his lien, as against the holder of the judgment on the transcript, by the entry of satisfaction of his mortgage upon the records, we see nothing in the proceeding or judgment of which he can complain.

Judgment affirmed.

---

*Dye & Harris*, for appellant, cited the following:

A judgment plaintiff purchasing at Sheriff's sale, is chargeable with notice of all irregularities in the sale, and his vendee, with notice of the the record. *Piel* v. *Brayer et al*, 3 Ind., 333.

And the objection may be made in ejectment. *Sherry* v. *Nick of the Woods*, 1 Ind., 575, and cases cited in the Blackfords.

And if in ejectment, there, by parity of reason, the same objection may be made in a suit to quiet title, which, by statute, is governed by the same rules. 2 *G. & H.*, 284, §§ 611 and 612.

In *Sheldon* v. *Arnold*, 17 Ind., 166, it is conceded that an affidavit is necessary.

*In Brown* v. *McKay*, 16 Ind., 484, it is held, a certificate must be filed to warrant the issuing of the execution. And where there was no proper certificate, it is said to have been "improvidently issued, being thus based upon an imperfect record, the sale was thereby rendered invalid."

This seems to be decisive of the case. In this case (16 Ind., 484) the transcript contained the statement of execution, and return, but the certificate only covered the judgment, and it was held as above stated.

That was as much of a "clerical error" as in the case at bar, and no title passed.

See *Williams* v. *Case*, 14 Ind., 253: that execution is the best evidence,

---

---

yet we claim nothing on these points. We hold this execution was not warranted, and hence no title passed.

     *    *    *    *    *    *    *    *

There is great difference between erroneous and irregular (or void) process. The first stands valid, and good, until it is reversed; the latter is an *absolute nullity*, from the beginning,  *  *  and he can not justify under it, because it was his own fault, that it was irregular and void at first. 3 John., (N. Y.), 523; 1 Cowen, on page 735.

The case of *Lewis* v. *Phillips*, 17 Ind., 108, holds, a Clerk can not issue without plaintiff's direction, &c. But we do not rest this case on that principle. We hold that the execution could not issue until a proper affidavit was filed.

The transcript could only show jurisdiction by the summons, and return, where there was no appearance. 26 Ind., 441

In *Cline* v. *Gibson*, 23 Ind , 11, the judgment set out that "the defendant had been duly served," &c., but did not set out the summons. The Court held, it did not show that jurisdiction had been acquired.

In 26 Ind., 310, the 23 Ind., 11, is affirmed, *holding* that the introduction of the judgment, without a transcript of the "record of the proceedings," showing jurisdiction, &c., was not sufficient. We hold then :

*First,* No proper affidavit was filed, and hence the execution was void.

*Second,* That no proper transcript was filed or introduced in evidence.

## *Hanna & Kneffler,* for appellee.

Sections 539, 540, 541, 2 *G. & H.,* 267, embrace the provisions of the statute upon the transfer of judgments obtained before Justices of the Peace, to the Court of Common Pleas, to make the same liens upon real estate, and also the necessary steps to procure the issuing of executions upon such transfered judgments.     *     *     *     *

The point attempted to be maintained by appellant is, that the affidavit required by the provision of Section 541, is defective in this, that in the caption it describes "James P. Morris" as judgment defendant, when it should have described " James P. Morrison." We submit, that at most, it can be said, this is a clerical error, and this is in effect cured by the subsequent recital of the facts in said affidavit. The affidavit clearly shows the date, the amount of recovery, etc., the Court before whom rendered, also the filing of said affidavit with the other papers in said cause, transmitted by the Justice to the Clerk of the Court of Common Pleas. It further appears, and it is patent that the mistake refered to did not mislead the Clerk in the issuing of the execution, that the same was issued in the proper cause, and that all proceedings subsequent, the levy, advertisement, sale, and conveyance by Sheriff, were all against " James P. Morrison;" and not " Morris."

The decisions of the Supreme Court in 16. and 17. Indiana have no bearing upon the point involved in this cause. The points held there are applicable to defective *certificates*, and not the affidavit in such, proceedings.

The affidavit is the procuring cause for the issuing of an execution upon judgments transfered from Justices of the Peace to the Court of Common Please, of the same nature as *præcipe* in ordinary causes. It is the statutory mode provided in such cases.