BLANEY
v.
FINDLEY.

BLANEY *v.* FINDLEY and Others.

If the facts relied on to reverse a judgment be not shown by the record, and the judg-
ment would be authorised by any facts which might have been legally before the
Court, the judgment must be affirmed.

An attachment-bond must be approved of by the clerk who issues the writ. His ap-
proval, however, is not conclusive but only *prima facie* evidence of the sufficiency
of the sureties.

*Wednesday,
November 10.*

ERROR to the *Jefferson* Circuit Court.

HOLMAN, J.—*Blaney* commenced a suit by foreign attach-
ment against *Findley, Harrison,* and *Burnett,* in the *Jefferson* Cir-
cuit Court. The writ issued on the 23d of *June,* 1829, and
was levied the same day on the lands of *Burnett,* and returned
at the *July* term of said Court. At that term, notice of the
pendency of the attachment was ordered to be published. In
the ensuing vacation, the defendants entered special bail. At
the next term, the plaintiff filed his declaration, and the de-
fendant moved the Court to quash the attachment and dismiss
the suit, because, 1st, the affidavit on which the proceedings are
founded is informal, and insufficient in law to warrant the issu-
ing of the attachment; 2ndly, the writ of attachment is infor-
mal and erroneous; 3rdly, the bond, given by the plaintiff, is
informal and insufficient in several particulars, to wit, 1st, the
sureties are insufficient in a pecuniary point of view; 2ndly, the
plaintiff and his sureties reside in *Floyd* county; 3rdly, the clerk
of the *Jefferson* Circuit Court, who issued the attachment, did
not approve of the bond and sureties. The Court sustained
the motion and set aside the proceedings, and gave the defen-
dants a judgment for costs.

There is no bill of exceptions to show us on what grounds the
Court decided; but as the presumption of law is in favour of
the decision, if there were any facts that could have been le-
gally before the Court that would authorise their judgment, we
are bound to sustain it. The affidavit states that the defen-
dants were "justly indebted," instead of saying in the words of
the act of assembly, that the debt was "justly due and owing."
If this case rested solely on the objection to this affidavit, it
would demand particular attention: as it is, we shall pass it

with a single remark, that it is always safe to use the terms of the act of assembly, and frequently unsafe to use others.  The bond in this case, it seems by a statement in the record, was taken and acknowledged before a justice of the peace of *Floyd* county, who is certified to be a justice of the peace by the clerk of the *Floyd* Circuit Court.  The said clerk also certified that, in his opinion, the sureties were responsible men and good for the penalty of the bond.  This bond was filed in the office of the *Jefferson* Circuit Court before the attachment issued.  The act of assembly requires, that the bond and sureties shall be approved of by the clerk who issues the attachment.  R. C. 1824, pp. 67, 69 (1).

The first objection to the bond is, that the sureties were insufficient.  The bond is in the penalty of 7,000 dollars, and the clerk of the *Floyd* Circuit Court certifies that the sureties are good for that amount.  This certificate, not being official, is a mere private opinion in writing, and inadmissible as evidence of the fact thus certified.  What evidence was before the Court, of the insufficiency of the sureties, is unknown to us; but that they might have had satisfactory evidence of the fact, and might have dismissed the suit for want of sufficient sureties, is ample ground on which to sustain their decision.  But it is contended *that*, before the Court dismissed the suit for the want of sufficient sureties, they should have given the plaintiff an opportunity of perfecting his bond.  We do not know that the plaintiff desired such a privilege, or was in a condition to have profited by it; nor do we know what the Court did or refused to do on the subject.  Whatever might have been said or done about this matter, forms no part of a regular record.  It was unnecessary for the Court, in order to justify their decision, to show of record, that they called upon the plaintiff to file a new bond, and that he refused to do so.  This objection to the bond might be sustained, if it were certain that the clerk had approved of the sureties, which the defendants contend was not the fact, as the approval of the clerk, though *prima facie* evidence of the sufficiency of the sureties, is not conclusive.  The defendant may show that the fact is otherwise; and the Court has a superintending control over the discretion thus exercised by the clerk.  It is objected that this motion was made too late; but as it was made at the first term after notice was given

Nov. Term,
1830.

of the pendency of the attachment, and at the first appearance of the defendants, this objection cannot be supported.

*Sullivan* and *Farnham*, for the plaintiff.

*Stevens*, for the defendants.

