WHEELER, et al. *vs* BULLARD.

1. In cases where the plaintiff, is by law authorized to discontinue, he may do so, as to any of the defendants, in his declaration, without an order of court.

2. Where several defendants are sued, as copartners, and it is ascertained, that one of them is not a partner, it is the duty of the court, before whom the suit is pending, to discontinue such suit against such person or persons, as shall appear not to be partners. And the plaintiff in such case may discontinue in such mode, and at such time as he thinks expedient, as he is the individual entitled to the benefit of the statute.

3. But where a defendant pleads to the action, he admits a declaration, and if he withdraws his plea, he admits that his defence cannot be maintained, and no presumption, either of law or fact, can arise in his favor.

4. Where a suit is once continued, and then successfully resisted, by defendant, and afterwards a new trial is granted; and at the next term the pleas are withdrawn and judgment rendered—the defendant cannot be permitted to urge, in error, the want of a declaration, or a defect in the declaration, if one be before the court.

5. So, after a defendant has made all the defence in his power in the court below, it cannot advance the cause of justice, t permit him to object in error, to the omission of a paper, without which a trial, or proceeding of any kind, could have taken place; and the presumption, in all such cases, is much more forcible, that the paper, the omission of which is alleged for cause of reversal, has been lost from the files, than that it never had existence.

6. The appearance of a party by attorney, obviates the necessity of the service of process; and after a discontinuance as to a defendan , he can again be introduced into court, by an appearance for him.

7. *Semble*, therefore an attorney who appears for a party, without authrty, is responsible to the party injured, for his interference.

Error to the Circuit court of Pike county.

Assumpsit on a promissory note. On the twenty-third day of March, eighteen hundred and thirty-five, Samuel Bulllard issued his writ against Charles Wheeler, Jordan Wheeler and Thomas Wheeler, surviving copartners of Charles Wheeler & Co. in a plea of trespass on the case. &c. returnable to the spring term of the court aforesaid. The cause of action endorsed on the writ was the following note:

"$322 41.          Montgomery, Jan'y 20th 1834.

On the first day of March next, we promise to pay John Goldthwaite & Co. or bearer, three hundred and twenty-two 41-100 dollars—value received.

his

Charles × Wheeler & Co.

mark.

Witness, Thomas Walsh."

The sheriff returned to the writ, that it was served on all the defendants with the exception of Charles

Wheeler, and that Charles Wheeler was not found in the county.

And at the Fall term, eighteen hundred and thirty-five, came the parties, and it appearing that Thomas Wheeler, sued as one of the firm of Charles Wheeler & Co. was not a partner of said firm, the plaintiff had leave to discontinue as to him. Defendants then plead *non-assumpsit*, and the case was continued on affidavit of plaintiff.

And at the Spring term, eighteen hundred and thirty-six, came the parties, and a jury of good and lawful men, came also, who, upon their oaths, said they found for the defendants;—whereupon it was considered by the court, that the defendants go thence, without day, and recover of the plaintiff their costs, in that behalf expended, for which execution might issue, &c. Whereupon a motion was made by plaintiff for a new trial, which having been heard and considered by the court, a new trial was ordered accordingly.

And at the Fall term of the year aforesaid, came the parties, and the defendants withdrew their plea, whereby said action remained undefended : it was therefore considered by the court, that said plaintiff recover of said defendants, the sum of three hundred and eighty-eight dollars, the damages stated in the declaration, as well as costs, &c.

From this judgment the defendants prosecuted their writ of error to this court, and now, at this term, the plaintiffs in error said, that in the record and proceedings in said cause, and also in rendering judgment, error had intervened, in this, to wit :

1st. There was a discontinuance as to Thomas Wheeler, and therefore, a discontinuance of the whole suit.

2d. There was no declaration filed in the cause, and the court erred, in rendering judgment without a declaration.

3d. The court erred in giving judgment against Charles Wheeler, after a discontinuance as to him.

*Porter*, for the plaintiffs in error.

The suit is against the parties, as surviving copartners; and if there was a continuing copartnership, the service upon one, is good against all. This would be the view of the case, had the plaintiff below proceeded to judgment, without noticing those of the firm not served : and such as were not copartners, could only claim the advantage of that fact, by appearance and plea. But when the plaintiff anticipates the fact, and discontinues as to Thomas Wheeler, he, by his own act, ejects Thomas Wheeler from the proceedings, and elects to proceed against the others : and the parties being of a firm, this amounts to a discontinuance, as to all—The statute,—Aikin's Digest, 268, section 58—authorises the court to discontinue as to such, who, being sued as partners, appear not to be so. Now, how must this appear? Certainly only by such means as may be taken by the defendant, in order to make it appear. This would be under some plea filed by himself. But even supposing this right of discontinuance to be in the plaintiff, he has departed from the statute, for he does not proceed to judgment against such as appear to be partners; but he proceeds to judgment, against even him as to whom he had before discontinued.

Though one, who has plead to a declaration, may not claim in error, the absence of a declaration, yet, here Thomas Wheeler had made no plea. The plea, or appearance, must be referred to those in court; and the presumption of appearance for Thomas Wheeler, is rebutted by the entry of discontinuance, as to him. There was no declaration then, as to him, for the declaration which did exist, if at all, must have conformed to the previous entries; and these show a discontinuance as to Thomas Wheeler.

The judgment then, against Thomas Wheeler, is erroneous—first, because, if ever in court, by the writ, the discontinuance of plaintiff, placed him out. And the entries showing this, no declaration or judgment could be made or had against him : for he stood as one as to whom no process had ever issued.   If a writ issues against two, and it be served only upon one, would appearance generally bring the other into court?   This case, I think, upon principle, is the same.   By the act of the court, upon suggestion of the plaintiff, one defendant is put out of court; and yet judgment afterwards entered against him, in the face of the entry of discontinuance.

*Geo. Goldthwaite,* contra.

GOLD'THWAITE, J.—The record shews a writ issued against Charles Wheeler, Jordan Wheeler, and Thomas Wheeler, surviving copartners of Charles Wheeler & Co., at the suit of Bullard.

The action is assumpsit, on a promissory note, which is set out in the endorsement on the writ.   Process was executed on all the defendants, except Charles Wheeler. At the trial term, the case was entitled, as against Charles Wheeler & Co., when the parties appeared by attorney, and Bullard obtained leave to discontinue his suit against Thomas Wheeler, for the cause that he was not a partner of the said firm; but no judgment of discontinuance was entered, and the suit was continued, as on the affidavit of the plaintiff.   At the ensuing term, the case was entitled in the same manner, was tried by a jury, who returned a verdict for the defendants, which was set aside, and a new trial granted.   At the succeeding term, the cause was entitled—Samuel Bullard, *vs.* Charles Wheeler, Jordan Wheeler, and Thomas Wheeler, survivors, &c., when judgment was rendered in the following terms: "Came the parties, by attorney, and the defendants withdraw their pleas, whereby said ac-

tion remains undefended: it is therefore considered by the court, that the said plaintiff recover of said defendants, the sum of three hundred and eighty-eight dollars, his damages in the declaration stated, as well as his costs." No declaration appears in the record.

The defendants below have sued out a writ of error to this court, and insist that the court below erred—

1st. In rendering any judgment against the defendants, after the discontinuance made as to Thomas Wheeler, which is alleged to be a discontinuance of the suit, as to all the defendants;

2d. In rendering judgment against the defendants, without there being any declaration against them.

3d. In rendering judgment against Charles Wheeler, after the discontinuance as to him.

Although no formal judgment of discontinuance is entered, as to Thomas Wheeler, yet as the plaintiff applied for leave to discontinue against him, his request, when granted by the court, must, as we conceive, have this effect. It is not usual for any formal entry to be made of the discontinuance, and in cases where the plaintiff, by law, is authorized to discontinue, he may do so in his declaration—*McRae and McMillan vs. Foster*.\* The statute which authorises a discontinuance against one, who is sued as a partner, and is ascertained not to be so, is slightly different in its terms from that which permits a discontinuance, when the process has not been served on all the defendants to a suit, and directs that the court before which the suit is pending, shall discontinue such suit against such person or persons as shall appear not to be partners.† *The mode* by which this fact shall be made apparent, is not prescribed. As the plaintiff is the individual who is to receive the benefit of this enactment, no injury can arise from permitting him to determine when he will cease to pursue one of several whom he has sued as partners, but has

---

\* 2 Stew. & Por. 143.  † Aik. Dig. 268, s. 58.

2

ascertained not to be so, the more especially as the de-- fendants will always have it in their power to prevent any mischief to them, by admitting the fact of partner- ship, when the discontinuance is contemplated.

In my opinion, the omission of the declaration, in thi; record, would be decisive to shew error, if the judgment had been rendered by default or on a verdict; because in the one case the defendant has *said no- thing*, and the plaintiff proceeds at the risk that his pro- ceedings are strictly regular; and in the other he has *contested the facts* set out by the plaintiff, and has in no manner admitted their sufficiency in law, to charge him; therefore, he may be admitted, after the facts are ascer- tained, to deny that they constitute a legal cause of ac- tion.    But no such conclusion follows in this case: here,. the defendants, by filing their pleas, have admitted that there was a declaration to plead to, and, by withdraw- ing their pleas, have admitted that the defence could not be maintained.    No presumption can here arise in favor of the defendants, from the facts disclosed by the record—the suit is once continued, and afterwards suc- cessfully resisted by the defendants.    A new trial is granted, and then at the next term, the pleas are with-- drawn, and a judgment is rendered on the note.    It is, the opinion of us all, to permit the defendants now to urge the want of a declaration, or a defect in it, would be countenancing a practice which has hitherto met with little favor in this court, and which cannot be done without overruling its decisions.    In the case of *Clem- ents vs. Johnson*,* it was determined, that the defects of an insufficient *scire facias* could not be reached in error, when the record shews a judgment after a plea with- drawn; and Chief Justice Lipscomb, in delivering the opinion of the court, observes, "that although such a judgment, is not strictly one by confession, yet it can-- not, by any sound reasoning, be distinguished from such

---

* 3.Stew. & Por. 269.

an one, respecting its effect as a waiver of defence." Nor can we distinguish between a defective declaration, and no declaration. It may well be questioned whether justice is ever advanced, by permitting the defendant to object, in a court of error, after he has made all the defence in his power, in the lower court, the omission of a paper, without which, no trial or proceedings of any kind could have taken place; and the presumption, in all such cases, is much more forcible, that the paper, the omission of which is alleged for cause of reversal, has been lost from the files, than that one never had existence.

In the last assignment of error, we presume the name of Charles is inserted by mistake, for that of Thomas, as the discontinuance was asked to be permitted as to the latter named person. It has been held by this court, that the appearance of a party by attorney, will obviate the necessity for the service of process—*Gilbert vs. Lane*,* and we cannot perceive any reason why, after a discontinuance as to a party, he may not again be introduced into court by an appearance for him. In the present case, after the continuance and trial of the cause, then entitled as against Charles Wheeler & Co., the cause at the next term is stated as against these defendants, naming each of them; then follows the appearance by attorney, and the withdrawal of the pleas.

If this appearance was made by an attorney who had no authority, he is responsible to the party injured, by his interference; but the plaintiff has a just right to look to the appearance, as made by the authority of each defendant, and to act upon it, (see the case last cited.)

The judgment of the Circuit court is affirmed.

COLLIER, C. J.—I concur in the opinion pronounced by Judge Goldthwaite, except so far as it distinguishes

---

* 3 Porter, 267.

between the effect of a judgment after verdict upon an issue tried; and a judgment, on plea withdrawn. I am unable to discover why the absence of a declaration should be error in the one case, and not in the other. It seems to me that it should be intended, in either case, from the defendants' having pleaded, that the filing of a *declaration* was waived, or else *it* was lost after judgment.

ORMOND, J.—I agree in opinion with Judge Collier.