Nov. Term,
1839.

THE
STEAM-BOAT
TOM BOWLING
v.
HOUGH.

---

## THE STEAM-BOAT TOM BOWLING *v.* HOUGH.

The affidavit for an attachment against a steam-boat, should state the name of the person who contracted the debt.

In the case of such attachment, there can be no sentence against the boat unless the same has been seized by virtue of the writ; and it is only by the officer's return to the writ, that the seizure can be shown.

If, in such suit, no person come in under the provision of the statute and make himself a defendant, there can be no judgment *in personam* in the case.

A judgment in such suit, that the plaintiff recover against the steam-boat, (naming it), the owner, and masters thereof, the sum of, &c. (stating the amount),—is insufficient.

ERROR to the *Floyd* Circuit Court.

BLACKFORD, J.—This was a suit *in rem* against a steam-boat, for materials furnished for the boat on the *Ohio* river in *Floyd* county. In order to obtain a writ of attachment against the boat, the plaintiff below, *Hough,* filed in the clerk's office in *October,* 1834, an account for a piston-rod, bolts, &c., amounting to 175 dollars. The account is against "the steam-boat *Tom Bowling* and owners"—the name of no person being given. There is annexed to the account an affidavit of its being true. An attachment accordingly

issued, returnable to the *November* term, 1834, commanding the sheriff to seize the boat and detain the same to answer the judgment of the Court, and also to summon the master of the boat to appear to the suit. It does not appear that the sheriff made any return to this attachment. On the same day that the writ issued, the plaintiff filed a declaration against the boat and *David Laughlin* master and owner, stating the cause of action to be for furnishing certain materials for the boat at *Laughlin's* request, and averring that a demand of payment had been made of him previously to the commencement of this suit, and that he had refused to pay, &c.

At the *April* term, 1835, *Laughlin* moved to quash the writ on account of the insufficiency of the affidavit, but the motion was overruled. At the next term, judgment for the plaintiff by *nil dicit* was rendered, and the damages assessed upon a writ of inquiry. The following is the final judgment: It is considered that the plaintiff recover against the steam-boat *Tom Bowling*, the owner, and masters thereof, the sum of 194 dollars, the damages assessed, with costs.

These proceedings are erroneous. The affidavit is defective for not stating the name of the person with whom the plaintiff contracted. A steam-boat ought not to be seized, and detained until after the determination of a suit, upon light grounds. The proceeding is only authorized by the statute in case the debt was contracted by the master, owner, or consignee of the boat; and it is necessary that the affidavit, required by the statute, should show that the debt is such a one as the statute describes. R. C. 1831, p. 95.—Stat. 1834, p. 39. In *New-York*, the statute expressly requires the name of the person who contracted the debt, to be inserted in the affidavit. 2 R. Stat. N. Y. 494. In *Pennsylvania*, the statute is silent on the subject; but there the libel which is sworn to and filed before the attachment issues, contains the name of the person at whose request the work was done, or the materials furnished. 2 Laws of Penn. 95.—3 id. 89.—Court Forms, Penn. 83.

Another error in the case is, that the attachment was not levied on the boat. This being a suit against the boat to enforce a specific lien, the Court had no jurisdiction to

Nov. Term,
1839.

proceed to a sentence against the boat, until the same was seized by virtue of the writ, and thus placed under the control of the Court and in the custody of the law. *The Ship Robert Fulton*, 1 Paine's R. 620. The Court could have no evidence of the seizure, except the officer's return. In this case, no return appears to have been made.

There is an error also in the form of the judgment. As no person came in under the provision of the statute and made himself a defendant to the suit, there could be no judgment *in personam* in the case. But even if there could have 'been such a judgment, this judgment as such is a nullity, because it does not name the person against whom it is rendered. The judgment is also informal as a judgment *in rem*, as it is only rendered against the boat, and does not direct it to be sold.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the motion to quash the writ set aside, with costs. Cause remanded, &c.

*R. Crawford,* for the plaintiff.

*H. P. Thornton,* for the defendant.