Nov. Term, 1851.

CARSON
v.
STEAM-BOAT TALMA.

*C. C. Nave*, for the plaintiff.

*D. Wallace*, for the state.

---

CARSON and Others *v.* THE STEAM-BOAT TALMA.

In a proceeding in attachment against a steam-boat, under article 2 of chapter 42 of the R. S. 1843, the giving of a bond for the discharge of the boat, as authorized by the statute, operates virtually to set aside a previous judgment by default rendered against the boat.

Where a judgment had been rendered by default against the boat and one of the defendants at the term of the Court next after the rendition of the judgment moved to set it aside, it was *held* that such defendant did not, by making the motion, waive any objection to the attachment.

The giving of the bond for the purpose of having the boat discharged, is not a waiver of any objection to the attachment.

The omission, in the affidavit on which the writ of attachment issues, of the name of the person who contracted the debt, is fatal.

Thursday, December 4

ERROR to the *Clark* Circuit Court.

BLACKFORD, J.—On the 18th of *November*, 1848, one

*Henry G. Carson* filed in the clerk's office of the Circuit Court an affidavit of his demand against the steam-boat *Talma*. The demand was for a debt due for work and labor, &c. (1). On the same day, an attachment, founded on said affidavit, was issued against the boat. This attachment commanded the sheriff to seize the boat, and summon the owners if found, or, if not found, then the clerk, or some other officer of the boat, to appear to the suit at the then next term of the Court, on the first *Monday* in *February*, 1849. The sheriff's return to the attachment is as follows:

" As within commanded, I have seized and detained the steam-boat *Talma*, tackle, and apparel, and finding no owners in my bailiwick, I served this writ personally, by reading, on *James B. Gallaghan* who appears to be in charge of said boat. I also left a true copy of this writ on board said boat. *November* 20, 1848. *John Stockwell*, sheriff C. C."

On the 6th of *February*, 1849, several persons, with said *Carson*, filed demands against said boat for debts due them for work and labor, &c.

Afterwards, at said *February* term, 1849, a judgment by default was rendered against the boat in favor of said creditors, and the damages on some of the claims were assessed by a jury. The demand of *Carson* does not appear to have been before the jury for assessment.

On the 1st of *May*, 1849, a bond executed by one *Watson* and two other persons, payable to said *Carson*, and approved of by the clerk of the Court, was filed in the clerk's office. This bond was conditioned for the payment of all demands pending against the boat and which should be found due on the final determination of said cause, with the costs. Upon the filing of said bond the boat was discharged.

At the *August* term, 1849, on motion of the owners of the boat, the judgment by default was, for good cause shown, set aside; and, afterwards, at the same term, the Court, on motion of said owners of the boat, quashed the

writ of attachment, on the ground of the insufficiency of the affidavit on which the writ issued.

The plaintiffs in error are *Carson* and the other persons who filed claims against the boat.

The plaintiffs contend that the defendants, by moving to set aside the judgment by default, waived all objections to the attachment. We do not think so. The judgment by default was against the boat, and when the boat was discharged, that judgment could have no effect. The owners of the boat, after such discharge, were the only defendants, and no judgment for the plaintiffs could be afterwards rendered, except against those owners personally. *Jones et al.* v. *Gresham*, 6 Blackf. 291. The judgment by default was virtually set aside by the release of the boat. When the boat was discharged, the cause was in the same situation in which it would have been had the default not been entered. The motion to set aside the default, under those circumstances, cannot be considered as curing any defect in the attachment. There is no doubt but that an appearance to a suit may cure a defect in the process, but there are many motions which can be made before an appearance to the suit, and we think the motion now in question must certainly be one of that kind.

We are next to examine whether the giving of the bond for the purpose of having the boat discharged, was a waiver of any objection to the attachment; and we do not think it was. There have been two cases in this Court in which a question very similar to the one now before us was decided. The first of those cases was as follows: One *Blancy* commenced a suit by foreign attachment against one *Burnett* and others. The attachment issued on the 23d of *June*, 1829, was levied on the same day on the lands of *Burnett*, and was returned at the *July* term of the Court. At that term, notice of the pendency of the attachment was ordered to be published. In the ensuing vacation, the defendants entered special bail. At the next term, the plaintiff filed his declaration,

and the defendant moved the Court to quash the attach-
ment for the insufficiency of the affidavit and the bond;
and the motion was sustained. It was objected, on error,
that the motion to quash was made too late; but the
judgment was affirmed. *Blaney* v. *Findley et al.*, 2 Blackf.
338. The other was also a case of attachment, in which
special bail had been entered in vacation, and the Circuit
Court, at the next term, on motion, quashed the attach-
ment. It was held, on error, that the motion to quash
was made in time. *Root et al.* v. *Monroe*, 5 Blackf. 594.
According to both those cases, the giving of special bail
in vacation did not prevent a motion at the next term to
quash the writ.

The *English* decisions relative to the question under
consideration are as follows: The giving of a bail-bond
in vacation for the purpose of being discharged from an
arrest in a civil suit, does not prevent the defendant from
moving, at the next term, to have the writ set aside for a
defect in the affidavit. *Jarrett* v. *Dillon*, 1 East, 18. But
if, at the term to which the writ is returnable, the defend-
ant put in special bail, he cannot, afterwards, move the
Court to quash the writ. *D'Argent* v. *Vivant*, 1 East, 330.
The reason of the decision in the last cited case is, that
the defendant, by putting in special bail after he had had
an opportunity to move to quash the writ, had waived the
objection. That reason does not apply to the case now
before us, because the motion was made, for aught that
appears, at the first term after the defendants had notice
of the suit, and before they had taken any step in the suit,
at that term, except to have the default set aside.

The objection to the affidavit on which the attachment
issued is, that it does not state the name of the person
who contracted the debt. That objection is fatal. *The
Steam-Boat Tom Bowling* v. *Hough*, 5 Blackf. 188.

*Per Curiam.*—The judgment is affirmed with costs.

*R. Crawford*, for the plaintiff.

*C. Dewey*, for the defendant.

(1) This action was founded on article 2, of chapter 42, R. S. 1843, and
was for labor done upon the steam-boat *Talma*, and for supplies and mate-

rials furnished for the boat.   Said article enacts that boats built, repaired, or equipped within the jurisdiction of this state, or by citizens of this state, without the jurisdiction thereof, which shall afterwards come within such jurisdiction, shall be liable for all debts contracted by the master, owner, or consignee, on account of work done and supplies or materials furnished, &c., for or towards the building, repairing, fitting, furnishing, or equipping such boats; and such debts shall be a lien on such boats, their tackle, apparel, and furniture, &c.   Where the sum demanded exceeds 100 dollars, if the person having such demand, shall file with the clerk of the Circuit Court where the boat is, a statement of his claim, annexing thereto an affidavit that the claim is justly due and owing, he may have a warrant of attachment issued against the boat, directing the seizure and detention of the boat, and its tackle, apparel, and furniture, by the sheriff, until the final determination of the proceedings under the attachment, and until payment is made of the demand, if judgment be rendered in favor of the claimant.   Upon the return of the warrant, other creditors having demands against the boat of the description above-named, may join in the declaration, &c.   The boat may, however, be discharged from arrest and detention, if the master, owner, or consignee shall, before final judgment, give bond and surety, to be approved of by the clerk who issued the warrant, conditioned to pay and satisfy all demands pending against the boat which shall be adjudged to be due and owing, on the determination of the cause, or if he then pay such demands, together with the costs of the proceedings.   R. S. 1843, p. 778.