May Term,
**1860.**

SCOTT
v.
HULL.

Scott and Another *v.* Hull and Others.

To constitute an appearance, there must be some formal entry, or plea, or motion, and this must be of record, and can be tried only by the record.

The appearance of defendants, a part of whom have not been served with process, at the taking of depositions to be used in the cause, was *held* not to be such an appearance as would defeat an application to remove the cause to the Circuit Court of the *United States*, under the act of congress of 1789.

*Tuesday,*
*May 29.*

APPEAL from the *Tippecanoe* Circuit Court.

HANNA, J.—The appellees sued the appellants, in the *Tippecanoe* Circuit Court, laying their damages at 1,600 dollars. There was service upon one of the defendants; return of not found as to two others.

At the first term of the Court thereafter, the defendants, at their first appearance in term, filed their petition (verified by affidavit) and bond, and moved the Court to grant a removal of this cause to the *United States* Circuit Court for the district of *Indiana.*

The petition averred that the defendants were, at the time of the commencement of the suit, and still continued to be, citizens and residents of *Lucas* county, in the state of *Ohio*, and were not residents or citizens of *Indiana.*

The plaintiffs filed written objections to such removal, based upon the alleged ground that the defendants had appeared to the action previous to the time of making said application; namely, in appearing before an officer upon the taking of depositions by the plaintiffs, and also by said defendants taking depositions, to be used upon the trial of said cause, &c.

By bill of exceptions, it appears that these facts were established by evidence other than the record.

Did such acts constitute an appearance, within the meaning of the statute?

By the 12th section of the judiciary act, U. S. Statutes at Large, p. 79, it is enacted, "That if a suit be commenced in any state Court against an alien, or by a citizen of the state in which the suit is brought, against a citizen of another state, and the matter in dispute exceeds

the aforesaid sum or value of 500 dollars, exclusive of costs, to be made to appear to the satisfaction of the Court, and the defendant shall, at the time of entering his appearance in such state Court, file a petition for a removal of the cause into the next Circuit Court, to be held in the district where the suit is pending, * * * and offer good and sufficient surety for his entering, in such Court, on the first day of its next session, copies of said process against him, and also for his there appearing and entering special bail in the cause, if special bail was originally requisite therein, it shall then be the duty of the state Court to accept the surety and proceed no further in the cause," &c.

It will be observed that the petition provided for must be filed at the time of entering appearance in the state Court.

An appearance formerly signified the defendant's filing common or special bail. 1 Jac. L. Dict., p. 106. The appearance is effected on the part of the defendant (when he is not arrested) by his making certain formal entries in the proper office of the Court expressing his appearance, or, in case of arrest, by giving bail to the action. 1 Bouv. L. Dict., p. 107.—3 Watts and Serg., 501.—5 id. 215.—1 Scam. 250.—2 id. 462.—6 Port. 352.—8 id. 442.—9 id. 272. —6 Miss. R. 50.—7 id. 411.—17 Verm. R. 531.—2 Pike, 26.—6 Ala. R. 784.— Shirley v. Hagar, 3 Blackf. 226.— Root v. Monroe, 5 id. 594.—3 Ind. R. 196. In these two last cases, it was held that, under our practice, although special bail was given, to obtain a release of property attached, it was not such an appearance as precluded the defendant from moving, at the first opportunity, in term time, to quash the writ, &c.

We have no statute prescribing the acts that shall constitute an appearance in the Courts of the state. Our practice, therefore, corresponds with the rules of law arising out of the general principles above referred to; and we are, consequently, not called upon to determine whether the appearance mentioned in the statute of 1789, should be determined with reference to the general rules

of practice which obtained at that time, by the common law, or such as might thereafter be prescribed by the legislatures of the several states.

By our statute, a service upon one of several defendants, enables the plaintiff to proceed against that one. Such was the condition when the plaintiffs, in the case at bar, proceeded, in the state of *Ohio*, to take depositions. The Court below found that all the defendants were, by themselves or attorney, present at the taking of these and other depositions. This was determined to be an appearance. If so, then the Court, without any service upon a portion of the defendants, or further appearance in Court, might have defaulted all of said defendants and rendered judgment for want of an answer, unless it should be determined that something more is necessary to constitute such an appearance, under our state statute, as would authorize a default, than would be necessary to make an appearance under the act of congress of 1789.

We are of opinion that the ruling was not a proper interpretation of our own code of procedure in that respect, nor of the statute herein quoted. There should be some formal entry, or plea, or motion, or official act (3 Blackf. 226) to constitute an appearance; and this should be of record, and tried by the record. 6 Com. Dig., 8.—*Kanouse* v. *Martin*, 15 How. (U. S.) 208.—3 Blackf. 226.

It follows that the Circuit Court erred, as well in the reception of evidence to determine the question of whether there had previously been an appearance, as in the conclusion arrived at upon that point. It would seem sufficient if the defendants availed themselves of the first opportunity of making the motion and filing the petition, and that steps before then taken, necessary to guard their interests in the event of a trial, should not preclude them from so doing.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*H. W. Chase* and *J. A. Wilstach*, for the appellants.

*R. C. Gregory*, for the appellees.