TEMPLE and Others *v.* IRVIN and Others.

PRACTICE.—*Relief from Judgment Taken Through Mistake.*—A proceeding to correct an alleged mistake in a partition suit must be commenced within two years after final judgment in the partition suit.

SAME.—*Commencement of Suit.*—The commencement of a suit or the institution of proceedings on motion includes the issuing of process or notice to bring the defendant into court.

APPEAL from the Harrison Circuit Court.

WORDEN, J.—This was a complaint by the appellants against the appellees to correct an alleged mistake in the procedings in a partition suit in the same court. The alleged mistake in the partition, briefly stated, consists in this. The land to be parted consisted in part of river bottom land, and in part of upland. The commissioners in making the partition determined to set off to the plaintiff herein twenty-two acres and a fraction of the upland, and ninety acres and a fraction of the bottom land; and to Camilla Irwin, one of the parties interested, twenty-two acres and a fraction of the upland, and seventy-four acres of the bottom land, as their respective and just shares. The surveyor whose services were employed in making the partition, was directed by the commissioners to establish the corners, boundaries, courses and distances of each share, so that each party would have the quantity of each kind of land alloted to him, and he made a plat of the land, describing each one's share by metes and bounds, which the commissioners, supposing it to be right, reported to the court as their division of the land, and their report was confirmed by the court.

It turns out, however, that according to the descriptions of the land thus assigned to the plaintiffs herein, there are but seventy-four acres of the bottom land instead of ninety and a fraction; and in the portion assigned to Camilla Irwin there are about eighty-eight acres of the bottom land instead of seventy-four, as was intended by the commissioners. The object of the suit was to correct this mistake.

After the partition, Camilla sold her share to George Kimball, who was made defendant. Kimball demurred to the complaint, and his demurrer was sustained. This ruling presents the only question raised for our consideration.

We are not favored with any brief for the appellants, and are therefore, not advised upon what ground they claim that the action can be maintained. The appellee, however, has filed a brief in which he urges a number of objections going to the merits of the cause, as well as the objection that the suit was instituted too late. We have concluded that the latter objection is well taken; and it will, therefore, be unnecessary to examine any other question in the cause.

The action, if it can be maintained all, must be maintained under the provisions of the 99th section of the code, as amended March 4th, 1867. Acts of 1867, p. 100. This section as amended requires the court to " relieve a party from a judgment taken against him, through his mistake, inadvertence, surprise or excusable neglect, and supply an omission in any proceeding on complaint or motion filed within two years."

The final judgment in the partition suit, confirming the report of the commissioners, was rendered on the 28th of March, 1867. This complaint to correct the alleged mistake was filed in September, 1869, but it purports to be an amended complaint, and recites that the original complaint had been filed on the 26th of March, 1869. The original complaint is not in the record, but we may assume for the purposes of this decision that it was filed at the time named, and was for the correction of this alleged mistake. We may assume, in short, that the complaint to correct the mistake was filed as early as March 26th, 1869. This assumption, if not correct in point of fact, is most favorable to the appellants. The summons in the cause, for Kimball and others, was issued on the 26th of April, 1869, and seems to have been served on him on the 3d of June following.

We think the statutory provision above quoted must be construed in accordance with its evident spirit and intent,

which, it seems to us, is to require such relief as is contemplated, to be granted, where a suit is commenced, or proceeding on motion instituted, for that purpose within the time limited therein.    The commencement of a suit, or the institution of proceedings on motion, includes the issuing of process or notice to bring the defendant into court.  2 G. & H. 59; *Hancock* v. *Ritchie*, 11 Ind. 48.    It was not intended, by the provision in question, to permit the party seeking relief to file his complaint or motion therefor, and then procrastinate indefinitely the taking of steps to bring the adverse party into court, until perhaps witnesses are dead, or other circumstances have intervened to the prejudice of the opposite party.   If a party seeking such relief, having filed his complaint or motion therefor within the two years, can issue process or notice after the expiration of that period, he may do so at any indefinite time thereafter, and in this way bring the opposite party into court to correct alleged mistakes, &c., in a judgment, at any indefinite length of time after it was rendered.   This we hold cannot be done.   We think that in order to obtain relief under the provision cited, the party applying for it must not only file his complaint or motion therefor within the two years, but he must also, within that period, issue his process or notice to bring the opposite party into court.   In other words, his suit or proceeding for that pupose must be *commenced* within the time limited.   This is in harmony with the spirit of the law, and with general principles applicable to analogous cases.

Here the process was not issued until nearly a month after the expiration of the time limited.

The judgment below is affirmed, with costs.

*G. V. Howk, T. C. Slaughter*, and *C. D. Howk*, for appellants.

*S. K. Wolfe*, for appellees.