ROBINSON v. THE BOARD OF COMMISSIONERS OF VANDERBURG COUNTY.

APPEAL. — *County Commissioners.* — One who is not a party to proceedings before the board of county commissioners cannot appeal from a decision of such board, unless he shall file in the office of the county auditor his affidavit, showing that he has an interest in the matter decided, and that he is aggrieved by such decision. If such an affidavit has not been filed, the court may dismiss the appeal.

SAME.—*Statute Construed.*—The phrase, "*a party to the proceeding*," as used in the statute, 1 G. & H. 253, section 31, embraces such persons only, as are parties in a legal sense, and who have been made or become such in some mode prescribed or recognized by the law, so that they are bound by the proceeding.

APPEAL from the Vanderburg Common Pleas.

DOWNEY, J.—At the May term, 1869, the Board of Commissioners made and entered of record the following order:

"Now here, upon being sent for, comes A. L. Robinson, and states to the board that he has no time to make the report required of him by the board, nor to complete his investigations; and the board, in consideration of the course pursued by the said Robinson, and his failure to report the result of his examination to this board, ordered that all actions brought by the said A. L. Robinson for, and on the part of the county be and are hereby discontinued for the present. The board require of said Robinson a statement of the results obtained by his investigations; also a thorough examination of the reports filed by the county auditor; and the said Robinson is granted further time, viz., until the first day of June, 1869, to perform said work and make his report to this board; and the county auditor is hereby directed to furnish a copy of the foregoing to said Robinson and to the clerk of the court."

Without filing any affidavit setting forth that he had any interest in the matter decided, and was aggrieved by the decision, Robinson appealed from this order of the board to the common pleas.

In the common pleas, a bill of exceptions informs us, the

defendant by counsel moved to dismiss the appeal for the reason that that court had no jurisdiction to try and determine the same, to which the plaintiff in person objected; and before the said motion was decided and while the same was pending, the plaintiff offered to prove by two members of the said board of commissioners, that the order of the said board appealed from herein was never passed by the said board, and that the same was entered of record in the records of said board, by the auditor of said county, without the consent or approbation of said board, which proof the court refused to hear, but dismissed the appeal at the costs of the plaintiff. He excepted.

The statute provides that "from all decisions of such commissioners there shall be allowed an appeal to the circuit or common pleas court, by any person aggrieved; but if such person shall not be a party to the proceeding such appeal shall not be allowed, unless he shall file in the office of the county auditor his affidavit setting forth that he has an interest in the matter decided, and that he is aggrieved by such decision, alleging explicitly the nature of his interest." 1 G. & H. 253, sec. 31.

We cannot say that the appellant was a party to the proceeding referred to, in any legal sense. It is true that he is named in the order. But that alone does not make him a party. The county had the undoubted right, so far as anything is made to appear, to order the dismissal of the suits brought by the appellant for and on the part of the county. We are of the opinion, then, that without an affidavit filed, showing the appellant had an interest in the matter decided, and that he was aggrieved by such decision, as required by the section of the statute above referred to, the court committed no error in dismissing the appeal.

The judgment is affirmed, with costs.

### ON PETITION FOR A REHEARING.

Worden, C. J.—The appellant has filed an earnest petition for a rehearing in this cause, and we have given it a

Robinson *v.* The Board of Commissioners of Vanderburg County.

careful consideration, but have arrived at the same conclusion as before. Some further observations, however, may not be out of place.

The statute, as has been seen, allows no one to appeal from the decisions of the board of commissioners, without the required affidavit, unless he be "a party to the proceeding."

There is no reason why the phrase, "a party to the proceeding," should not be construed in its ordinary legal meaning, and be held to embrace such persons only as are parties in a legal sense, and who have been made or have become such in some mode prescribed or recognized by the law, so that they are bound by the proceeding. The statute is quite liberal in giving any other person aggrieved the right of appeal on filing the affidavit.

Now, the question arises whether Robinson was a party to the proceeding in the legal sense of the term, so as to be bound thereby. If so, how did he become such? It is clear that he was not the mover in the proceeding, and did not occupy a position similar to that of a plaintiff in an action. If the proceeding was in its nature *ex parte*, Robinson was no party and not concluded by it. Assuming that the proceeding was of an adversary character, then, to make Robinson a party, he must have been brought in in some mode prescribed by law, or he must have voluntarily appeared to the proceeding. The record does not show that he became a party in either of these modes; or, in other words, that he was a party at all. The record does show, to be sure, that "now here, upon being sent for, comes A. L. Robinson, and states to the board that he has no time to make the report required of him by the board, nor to complete his investigations." Being "sent for" was no summons or notice to appear to an adversary proceeding, nor was his coming in and making the statement imputed to him by the record any appearance to such subsequent proceeding. The statement imputed to him had no necessary connection with the subsequent action of the board, nor does it appear that Robinson was advised

of the intended proceedings. "There should be some formal entry, or plea, or motion, or official act, to constitute an appearance; and this should be of record, and tried by the record." *Scott* v. *Hull*, 14 Ind. 136.

It is quite clear to our minds that as Robinson was not made a party to the proceeding in any legal mode, and as he did not appear thereto, he was not a party thereto in any legal sense, nor is he bound thereby as a party.

The petition for a rehearing is overruled.*

*A. L. Robinson* and *Parrett & Wood*, for appellant.

*Original opinion filed April 20th, 1871. Opinion on petition for a rehearing filed December 22d, 1871.