McCORMACK *v.* THE FIRST NATIONAL BANK OF GREENS-
BURGH ET AL.

JURISDICTION.—*Of Person.*—*Appearance.*—Jurisdiction of the person of a
defendant in a civil action can only be acquired by the issuing of sum-
mons and the service thereof in one of the modes provided by statute, or
by his voluntary appearance in court in person or by attorney and sub-
mission to the authority of the court. An appearance is a proceeding in
court, and must constitute a part of the record of the cause in which it
is entered.

SAME.—*Indorsement on Complaint.*—*Review of Judgment.*—Upon the back
of a complaint, in an action of ordinary adversary character, filed in
term, was indorsed the following, signed by the defendants in vacation:
"We hereby enter an appearance to the foregoing action, and waive the
issuing and service of process."

*Held*, that this did not amount to an appearance of said defendants, and,
no summons having been issued, and one of said defendants not having
appeared in court in person or by attorney, the court had no jurisdiction
of the person of such defendant, and a proceeding to review a personal
judgment rendered against him upon said complaint would lie in his
behalf, without his having taken an exception to any ruling in the origi-
nal action.

From the Decatur Circuit Court.

*S. A. Bonner, J. L. Bracken* and *J. D. Miller,* for appel-
lant.

*B. W. Wilson,* for appellees.

BUSKIRK, J.—The appellee The Cincinnati & Terre
Haute Railway Company, on the 10th of October, 1872, exe-
cuted to the appellant the following instrument·

McCormack *v.* The First National Bank of Greensburgh *et al.*

"$3,799.91.    ˙ TERRE HAUTE, IND., Oct. 10th, 1872.

"At thirty days sight, pay to the order of D. B. McCormack, Esq., three thousand seven hundred and ninety-nine dollars and ninety-one cents; value received, without any relief from valuation or appraisement laws, and charge the same to account of M. P. WOOD, Gen'l Sup't C. & T. H. Ry. Co.

" 'To A. PLEASANTON, Pres't C. & T. H. Ry., 98 Broadway, New York."

Upon the face of which appears the following:

"Accepted, Oct. 14th, 1872.

" Cincinnati & Terre Haute Railway,

" By A. PLEASANTON, President."

The appellant negotiated the above draft with the appellee The First National Bank of Greensburgh, and indorsed his name on the back thereof.

The draft was not paid at maturity, but was duly protested for non-payment. At the April term, 1873, of the Decatur Circuit Court, The First National Bank obtained a judgment against the appellant and the Cincinnati & Terre Haute Railway Company, for the sum of four thousand one hundred and twenty-four dollars and seventy-two cents, upon the above draft.

The purpose of the present action by the appellant is to obtain a review and reversal of said judgment, so far as it affects him.

The first and principal ground upon which the review is asked is, that the court below possessed no power to render the judgment against him at the time and in the manner in which it was done.

It appears from a copy of the record in the original action, filed with and made a part of the complaint in the present action, that, at the April term, 1873, of the Decatur Circuit Court, The First National Bank of Greensburgh, by her attorney, filed in said court a complaint in the name of said bank and against the appellant and the other appellee, the railway company, based upon said draft; that upon the back of said complaint was entered the following agreement:

"We hereby enter an appearance to the foregoing action and waive the issuing and service of process.

"D. B. McCormack.
"Cincinnati & Terre Haute Ry.,
"By Geo. E. Baldwin, Div. Eng. and Ag't."

The record in said cause then proceeds:

"Whereupon defendants are ruled to answer, and failing to do so, said rule is now closed and made final; and this cause being submitted for trial, the court finds that there is due the plaintiff, upon the bill of exchange exhibited in the complaint, the sum of four thousand one hundred and twenty-four dollars and seventy-two cents."

Then follows a judgment for said sum. It is alleged, in the complaint seeking the review of said judgment, that appellant had, prior to his signing said agreement consenting to appear to said action, employed Bonner & Bracken, Esqrs., regular-practicing attorneys of said court, to make a defence to said action; that when the said complaint was filed in court, and judgment rendered thereon, he was necessarily absent from said county, and his said attorneys were temporarily absent from the court-house. The court below sustained demurrers to both paragraphs of the complaint, and this ruling is assigned for error, and presents the only questions for our decision.

Two positions are assumed by counsel for appellant. First, that the agreement entered upon the complaint is unauthorized by the statute, and conferred no jurisdiction on the court over the person of the appellant.

Second, that conceding that the court had acquired jurisdiction of the appellant, it possessed no power to enter a rule against him to answer, without his personal appearance in court or by attorney; and that the court had no power to close the rule on that day, but that he should have been ruled to answer on the next day, or next regular calling of said cause, after the same was entered upon the docket.

Counsel for the bank insists that there is no question pre-

sented for decision, for the reason that the judgment was rendered upon the appearance of the appellant, and that there was no exception taken to any ruling of the court.

The failure of a party, who is legally in court in person or by attorney, to except to the ruling of the court, is a waiver of such error, and a bill of review cannot be used as a means of creating an exception in the first instance. *Train* v. *Gridley,* 36 Ind. 241; *Richardson* v. *Howk,* 45 Ind. 451; *Berkshire* v. *Young,* 45 Ind. 461; *Preston* v. *Sandford's Adm'r,* 21 Ind. 156.

It therefore becomes necessary to inquire whether the appellant was in court at the time the judgment was rendered against him. It is agreed that he was not personally in court, and that he did not appear by attorney.

The real question is, did his agreement entered on the complaint amount to an appearance to the action? If it did not, he had no legal notice of the action, and the proceedings were null and void.

It is firmly settled by repeated decisions of this court, that a judgment of a court, in a suit requiring ordinary adversary. proceedings, which appears upon its face to have been rendered without jurisdiction having been acquired of the person of the defendant or without jurisdiction of the subject-matter, is void, and may be so treated when it comes in question collaterally. *Horner* v. *Doe,* 1 Ind. 130; Buskirk's Table of Cases, 83, and the cases there cited.

In the action sought to be reviewed there was no summons issued. There was no appearance by the defendant, either in person or by attorney.

The only attempt to notify the defendants was by the agreement entered on the complaint, and which elsewhere appears in this opinion. If such agreement did not confer jurisdiction over the person of the appellant, then the court acquired and possessed no jurisdiction over him. It is provided by section 34, 2 Rev. Stat. 1876, p. 46, that "a civil action shall be commenced by filing in the office of the clerk a complaint, and causing a summons to issue thereon; and

the action shall be deemed to be commenced from the time of issuing the summons; but, as to those against whom publication is made, from the time of the first publication. The summons shall be issued by the clerk, under the seal of the court, and directed to the sheriff, and shall notify the defendant of the action commenced, the parties thereto, and the court where pending."

Section 35, 2 Rev. Stat. 1876, p. 47, is as follows:

"The summons shall be served, either personally on the defendant, or by leaving a copy thereof at his usual or last place of residence. An acknowledgment on the back of the process, or the voluntary appearance of a defendant, is equivalent to service."

An action against a resident can only be commenced in vacation by the filing of a complaint and the issuing of a summons, and in term time by the filing of a complaint and a voluntary appearance thereto. *Sturgis* v. *Fay*, 16 Ind. 429; *Beard* v. *Beard*, 21 Ind. 321; *Ireland* v. *Montgomery*, 34 Ind. 174; *Temple* v. *Irvin*, 34 Ind. 412; *Harshman* v. *Armstrong*, 43 Ind. 126; *Rhoades* v. *Delaney*, 50 Ind. 468.

The filing of the complaint and the issuing of the summons do not confer jurisdiction over the person of the defendant.

This may be done in four ways:

1. By reading the summons to the defendant.

2. By leaving a copy thereof at his usual or last place of residence.

3. By an acknowledgment of service, entered on the back of the summons.

4. By the voluntary appearance of the defendant, either in person or by attorney.

When the action is against a non-resident, jurisdiction over the subject-matter of the action is conferred by publication.

Jurisdiction over the person of the defendant must be acquired, either by the issuing and service of process, in one

of the modes above pointed out, or by a voluntary appearance.

It is conceded that in the action sought to be reviewed there was no process issued.

It remains to inquire whether the agreement entered on the complaint constituted a voluntary appearance to the action.

It should be borne in mind that the agreement was made in vacation, and entered on the complaint, and that the complaint was not filed until the day on which the judgment was rendered, and that the appellant was not in court, either in person or by attorney, when the complaint was filed, rule entered and judgment taken for a failure to answer.  It is settled law, that a full and voluntary appearance cures all errors and defects in process, and that there can be no appearance unless of record.

There must be some formal entry, or plea, or motion, or official act, to constitute an appearance; and this should be of record, and tried by the record.   *Shirley* v. *Hagar*, 3 Blackf. 225 ; *Cassady* v. *Reid*, 4 Blackf. 178; *Carson* v. *The Steamboat Talma*, 3 Ind. 194; *Scott* v. *Hull*, 14 Ind. 136; *Robinson* v. *The Board of Comm'rs, etc.*, 37 Ind. 333.

In the case last cited, the court, in the opinion overruling a petition for a rehearing, say:

" Assuming that the proceeding was of an adversary character, then, to make Robinson a party, he must have been brought in in some mode prescribed by law, or he must have voluntarily appeared to the proceeding.   The record does not show that he became a party in either of these modes; or, in other words, that he was a party at all."

In our opinion, the first paragraph shows that the court below did not acquire any jurisdiction over the person of the appellant, in any mode required by law, and that consequently the judgment rendered in the original action was and is a nullity and void.

The matters alleged in the second paragraph of the com-

plaint are admissible under the first, and, hence, it is not necessary that we should pass upon its sufficiency.

Other questions have been discussed with marked ability, but the conclusion at which we have arrived renders it improper that we should pass upon them now.

The judgment is reversed, with costs, and the cause is remanded, with directions to the court below to overrule the demurrer to the first paragraph of the complaint, and for further proceedings in accordance with this opinion.

ON PETITION FOR A REHEARING.

NIBLACK, J.—The First National Bank of Greensburgh, one of the appellees, has filed a very elaborate and carefully prepared petition for a rehearing in this cause, and we have given it very careful consideration.

This court, when before considering this case, seemed to regard the question as to whether there was really an appearance by the appellant in the court below, as the preliminary and at the same time the most important one to be decided. After a full review of all that has been presented, we feel impelled to adhere to that view of the case, in our present action upon it.

If there was no appearance by the appellant, in some form recognized by law, the court below had no jurisdiction to render any judgment against him, and it is immaterial to him what other errors, if any, were committed.

An appearance, according to the ancient practice, purports to be a proceeding in term time, and that theory still exists in legal contemplation.

Where there is a rightful departure from that theory, it is in obedience to some statute. In our State, the personal presence of the party by himself or his attorney in court and a submission to its authority are necessary to constitute an appearance to an action or a judicial proceeding. An appearance is a proceeding in court, and must be noted of record. Where entered in a cause, it must constitute a part

of the record of the proceedings in it. See *Scott* v. *Hull*, 14 Ind. 136, and other authorities there cited on that point.

Tested by these rules, we are unable to perceive how it is possible for us to hold that the indorsement by the appellant on the complaint, in the court below, and copied in the previous opinion in this cause, constituted an appearance in that court. We would willingly so hold, if we felt authorized to do so, but we cannot.

Whatever that indorsement may purport to be, or may in good faith have been intended to be, it was not, in our opinion, an appearance, within the meaning of the statute authorizing a defendant to appear voluntarily to an action without process being served upon him.

But it is insisted that, while the indorsement on the complaint, as above stated, may not technically constitute an appearance, still the appellant is estopped, by the terms of the indorsement, from setting up, in this action, that it was not an appearance.

We do not concur in that view of this case.

Whether the indorsement could be made to have any legal effect whatever, as between the parties, or in any other way, we need not and do not now inquire. We have only to deal with that indorsement, here, as a jurisdictional question affecting a public tribunal, and not as it may affect the private rights of the parties or any merely private interest.

It is not a case, we think, in which the office of an estoppel can be in any manner applied, so as to affect the question of jurisdiction in the court below.

It is also insisted that an adherence to the rules laid down in the opinion already pronounced in this cause will have the effect to destroy and to practically sweep away a large number of judgments and decrees heretofore rendered in the several courts of this State under circumstances similar to those under which the judgment sought to be reviewed in this action was rendered, and that hence we ought to hesitate to adhere to an opinion so disastrous in its consequences. In cases of great doubt, the courts are some-

times justified in considering what line of action will best comport with public policy or the general welfare. Especially may this be so in cases of public importance, but such considerations cannot be taken into account where it is reasonably clear what the action of the court ought to be in any given cause under the law. We have no such doubts, in the case at bar, as make it proper for us to consider the consequences of the conclusion at which we have arrived.

The petition for a rehearing is, therefore, overruled.